Wohlfert, Plaintiff in error, vs. The State, Defendant in error.

*April 7—May 8, 1928.*

*Henry A. Gunderson* of Portage, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *Elton J. Morrison,* district attorney of Columbia county, and oral argument by *Mr. Messerschmidt* and *Mr. Morrison.*

Stevens, J. (1) The first question presented is whether the evidence is sufficient to sustain a conviction. A witness named Buehler testified that he arranged with the defendant to deliver a gallon of moonshine liquor on his premises,—to

put it on his property when nobody was around,—for which he was to pay $7. Later the gallon of moonshine liquor came into the possession of Mr. Buehler, but there is no direct proof that the defendant left it on the Buehler premises. Thereafter Mr. Buehler sent the $7 to the defendant, who was told that it was sent by Mr. Buehler. Defendant accepted the money without asking any questions. Mr. Buehler had not arranged with any one else to supply him with this gallon of moonshine liquor. This proof presented a jury issue and is sufficient to sustain the conviction.

(2) When defendant was arrested he had in his possession a check which had been given him by Mr. Buehler as a part of the payment of $7. He refused at first to tell for what the check had been given. Later he asserted that it was for repairs on Mr. Buehler's gasoline engine. Mr. Buehler testified that he had not ordered the defendant to do any work on his gasoline engine before the defendant was arrested; that he did not know that the defendant had done work upon his engine, and that he had never received a bill from the defendant for such work. He further testified that defendant had seen him during the trial and tried to induce him to testify that this check was given for work done on the gasoline engine.

When the case was called for argument in this court, an affidavit signed by Mr. Buehler was presented in which he asserts that he did not order moonshine of the defendant and that the $7 given the defendant was to pay for work done on his gasoline engine. In other words, he is now telling the story as he said the defendant tried to induce him to tell it during the trial.

A reading of the testimony of Mr. Buehler carries the conviction that he was telling the truth on the witness stand. If verdicts are to be overturned every time a witness attempts to repudiate his testimony by signing a sworn statement, without opportunity to apply the test of cross-exami-

■■■■■■■■■■■■■■■■■■■

nation, judgments of courts will rest upon a very insecure foundation. Whenever it appears that judgments are procured by false testimony, courts should promptly set them aside. But we are impressed with the fact that this is not such a case. The record satisfies the court that justice has been done and that there is no ground for the granting of a new trial.

*By the Court.*—Judgment affirmed.