STATE of North Dakota, Plaintiff and Respondent,

v.

August L. PUSCH, Defendant and Appellant.

Cr. No. 269.

Supreme Court of North Dakota.

Nov. 3, 1956.

William S. Murray, Bismarck, for appellant.

Leslie R. Burgum, Atty. Gen., and Patrick T. Milloy, State's Atty., Wahpeton, for respondent.

C. L. FOSTER, District Judge.

The defendant, August L. Pusch, was convicted of the crime of murder in the first degree in the District Court, Richland County, North Dakota, the conviction being for the murder of his wife, one Minnie L. Pusch. The conviction was affirmed on appeal by the Supreme Court of North Dakota on December 30, 1950, and rehearing was denied on March 14, 1951. 77 N.D. 860, 46 N.W.2d 508.

On March 23, 1955, the defendant gave notice of motion for a new trial returnable before the Honorable Wm. H. Hutchinson, Judge of the District Court on April 15, 1955.

The motion was based on the affidavit of William S. Murray, attorney for the de-

fendant, Pusch, and on the affidavit of Lydia Witt, a witness at the trial of the action.

Lydia Witt was an accomplice in the murder with the defendant, Pusch. The trial court heard the motion and denied the motion for new trial and from such denial the defendant has appealed.

The affidavit of Lydia Witt purports to recant certain testimony given by her at the trial of Pusch stating that she testified falsely, that she was under pressure from prosecuting officers and her husband, that she was ill and was denied medical attention, that she had no choice in the selection of counsel but that the state's attorney forced upon her a certain counsel undesired by her, and that she was not permitted to have visitors but was kept in a dark cell, all of which affected her mental processes to such an extent that she did not tell the truth at the trial of the action and that she was virtually incompetent due to her condition and the pressure that had been put upon her.

Lydia Witt further states in her affidavit for a new trial of the defendant, Pusch, that the testimony given by her at the trial of August Pusch was false and that both her son, Elmer, and her husband, Otto Witt, testified falsely at such trial, in fact, so she now claims practically all of the testimony at the Pusch trial, including her own, was false.

Based on affidavits filed with the trial court at the time of the hearing and the court's own knowledge of the circumstances of the trial, the Honorable W. H. Hutchinson, upon the hearing on such motion, reached the conclusion that the present affidavit of Lydia Witt did not conform to the true facts and with that conclusion of the trial court, this court is in complete agreement.

■ The trial court also found that the affidavit of Lydia Witt was not a complete repudiation of her testimony and that her testimony at the trial of Pusch was fully corroborated by other witnesses. The trial court in his opinion said, "Whether a new trial should be granted when a witness recants testimony depends upon all the circumstances of the case. Before a court grants such motion the court should be satisfied that in all probability a new trial would result in a different verdict. Recanting testimony must be scrutinized with extreme care. Verdicts would indeed be insecure if they could always be set aside upon the affidavits of a witness who now recants a portion of her former testimony. If the court believes that the defendant had been convicted upon fundamentally false testimony, then it would be the duty of the court to set aside the verdict and grant a new trial."

The conclusion reached by the trial court correctly states the law in this case: 23 C.J.S., Criminal Law, § 1454, pp. 1233, 1234, 1235.

■ Verdicts cannot be overturned every time a witness attempts to repudiate his testimony by signing a sworn statement without the opportunity to apply the test of cross-examination. Wohlfert v. State, 196 Wis. 111, 219 N.W. 272.

This court has held that the testimony of Lydia Witt, an accomplice, was amply corroborated. State v. Pusch, 77 N.D. 860, 46 N.W.2d 508.

Our court has repeatedly outlined the basis on which a new trial should be granted or denied in many decisions. State v. Hazer, 57 N.D. 900, 225 N.W. 319; Aylmer v. Adams, 30 N.D. 514, 153 N.W. 419, and numerous other cases.

■ And in the case of State v. Cray, 31 N.D. 67, 79, 153 N.W. 425, 428, this court said, "The fundamental rule applicable to motions for a new trial on the ground of newly discovered evidence is that this is addressed to the sound judicial discretion of the trial court, and that its action thereon is conclusive on this court, un-

less it appears affirmatively that the discretion vested in the court below has been abused."

We are satisfied that clearly there was no abuse of discretion on the part of the trial court in denying the motion for a new trial. The record amply supports that decision.

The order denying a new trial is therefore affirmed.

BURKE, C. J., and MORRIS, SATHRE and GRIMSON, JJ., concur.

JOHNSON, J., did not participate; C. L. FOSTER, District Judge, sitting in his stead.