**STATE of Minnesota, Respondent,**

v.

**Michael RISKEN, Appellant.**

**No. C1–81–1345.**

Supreme Court of Minnesota.

April 1, 1983.

Rehearing Denied May 6, 1983.

---

Rapoport, Wylde & Nordby and Jack S. Nordby, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Robert F. Carolan, County Atty., and Mark Nathan Lystig, Asst. County Atty., Hastings, for respondent.

SCOTT, Justice.

In 1974 petitioner, under indictment for first-degree murder, entered a negotiated guilty plea to a reduced charge of second-degree murder and was sentenced by the trial court to the statutory maximum prison term for the offense, 40 years. In 1981 petitioner sought postconviction relief in the form of withdrawal of his guilty plea and reinstatement of the original charge on two basic grounds. First, he argued that the factual basis for the plea was so inadequate that the trial court erred in accepting the plea. Second, he argued that he should be permitted to withdraw his plea because it was motivated not by the knowledge of his own guilt but by the knowledge that a codefendant, Dale Goulette,[1] who had turned state's evidence in exchange for a favorable plea bargain, would falsely testify against him. Petitioner argued that he should be permitted to withdraw his plea because Goulette had recanted those parts of his story which indicated that the killing by petitioner was intentional and unjustified. The postconviction court denied the petition. This appeal followed. We affirm.

Our examination of the record of petitioner's guilty plea satisfies us that there was a sufficient factual basis for petitioner's plea.

We also hold that the petitioner failed to meet his burden of establishing at the postconviction hearing that he should be permitted to withdraw his plea because of the subsequent admission by Goulette that he lied about the nature of defendant's conduct. The general rule is that courts should not grant new trials on the basis of recanted testimony unless the court is reasonably certain that the recantation is genuine. *State v. Caldwell,* 322 N.W.2d 574, 585 n. 7 (Minn.1982). Goulette's recantation is highly suspect, as is the recantation of one Eugene Kaliszewski, another witness who testified for petitioner at the postconviction hearing. Also, petitioner seeks not to overturn a jury verdict but his own plea of guilty, which was based on an admission of guilt and on a statement that he was pleading guilty because he was guilty. Further, even taking Goulette's testimony at the postconviction hearing at face value, it does not exonerate petitioner but indicates that petitioner intentionally killed the victim without reasonable justification. The offense of second-degree murder, to which petitioner pleaded guilty, applies in such a situation.

Affirmed.

---

1. Unlike petitioner, who admitted his guilt when he pleaded guilty, Goulette entered a so-called Alford-type plea, claiming his innocence but pleading guilty because of his fear that the jury might be persuaded by the state's strong evidence that he committed first-degree murder. We affirmed Goulette's conviction in *State v. Goulette,* 258 N.W.2d 758 (Minn.1977).