STATE of North Dakota, Plaintiff and Appellee,

v.

Allan M. HEGLAND, Defendant and Appellant.

Cr. No. 1021.

Supreme Court of North Dakota.

Oct. 23, 1984.

Michael N. Steffan, Asst. State's Atty., Minnewaukan, for plaintiff and appellee State of N.D., on brief.

Allan M. Hegland, defendant and appellant, pro se.

VANDE WALLE, Justice.

Allan M. Hegland appealed from a Benson County Court order denying his motion for a new trial based on the ground of newly discovered evidence under Rule 33(b), N.D.R.Crim.P. We affirm.

Hegland was convicted by a jury of contributing to the delinquency of a minor and of delivery of alcoholic beverages to a person under 21 years of age.

At trial the State's first witness, Sheriff Ned Mitzel, testified that he entered Hegland's residence pursuant to a warrant. He testified that he found four adults and several minors present and that he discovered beer in the refrigerator, several empty liquor bottles, and an unopened bottle of wine. The State's key witness, a minor named Joe Blueshield, testified that he drank three or four Pabst Blue Ribbon beers while in the Hegland residence and at least one of them in the presence of Hegland.

Hegland, the only defense witness, testified that Joe Blueshield had arrived in the company of his father shortly before the search and that both of them were intoxicated when they arrived. Hegland further testified that the beer in the refrigerator which belonged to him was Budweiser and that Joe Blueshield did not drink any beer in his presence. The State did not produce any beer in evidence. The jury returned a verdict of guilty on both charges and judgment was entered on July 20, 1983. Hegland took no appeal from that judgment.

On August 18, 1983, Hegland filed a motion for a new trial on the ground of newly discovered evidence. Hegland alleged that State's witness Joe Blueshield lied when he testified at the July 7, 1983, trial. This motion was accompanied by the affidavits of Tina Hulst and Herbert Blueshield, both of whom were present in the Hegland residence on the night of the search. Both affiants stated that Joe Blueshield did not drink any beer while in the Hegland residence that night. The trial court denied Hegland's motion for a new

trial. No appeal was taken from the order denying the motion for new trial.

On January 11, 1984, Hegland filed a "Motion To Vacate Verdict." Because Hegland referred to Rule 33(b), N.D.R. Crim.P., in his motion, the court considered it a motion for a new trial. The motion was supported by an affidavit of Joe Blueshield who stated that he had lied at trial because of undue influence by the Bureau of Indian Affairs (B.I.A.) police. Blueshield stated that he did not drink any beer while in the Hegland residence. At the hearing on the motion, Joe Blueshield testified that he was arrested on the morning of Hegland's trial by the Fort Totten B.I.A. police and charged with theft of a car and tractor. Joe Blueshield further testified that he was being held in custody when he was transported to testify against Hegland. Joe Blueshield stated that on the way to the courthouse the police told him that charges might be reduced or dropped or a favorable disposition could result if he would testify that he drank three or four beers in Hegland's home and in his presence. Blueshield stated during the hearing that he testified as the police officer suggested out of fear that he would be punished. Blueshield also testified at the hearing that following his trial the theft charges against him were in fact dropped.

The State did not examine Blueshield at the hearing on the motion but objected to the motion on the ground that the evidence was not newly discovered. The State argued that the evidence was available to Hegland before trial or, alternatively, could have been discovered prior to trial. The court had doubt as to whether or not the motion for new trial based upon newly discovered evidence was timely filed under Rule 33(b), N.D.R.Crim.P. However, the court specifically declined to rule on the timeliness issue and instead denied Hegland's motion on its merits, basing its decision on *State v. McLain*, 312 N.W.2d 343 (N.D.1981). The court believed that the affidavit of Joe Blueshield did not constitute newly discovered evidence because it could have been discovered at trial and impeachment testimony presented then if

necessary. Secondly, the court was not convinced that Joe Blueshield's recantation was genuine. Finally, the court did not think that the contents of Blueshield's affidavit would probably produce acquittal of Hegland in the event of retrial. We also have doubt as to whether or not Hegland timely filed his motion for a new trial. But because the trial court ruled on the merits we also will consider the case on its merits.

A new trial may be granted under Rule 33, N.D.R.Crim.P., "if required in the interests of justice." We noted in *State v. McLain, supra,* that a motion for a new trial on the ground of newly discovered evidence will be granted only when all of the following requirements are met: (1) the evidence must have been discovered since the trial, (2) the failure to learn of the evidence at the time of trial was not the result of defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the evidence is of such a nature that it would probably produce an acquittal in the event of retrial.

 On a motion for a new trial, newly discovered evidence must be considered in light of the entire record made at the trial and at the hearing on the motion. *State v. McLain, supra.* A motion for a new trial on the ground of newly discovered evidence is addressed to the trial court's judicial discretion. The trial court's decision on such motion will not be set aside unless we find that denial of the motion was an abuse of discretion. *State v. McLain, supra; State v. Smith,* 153 N.W.2d 691 (N.D.1967); *State v. Jager,* 91 N.W.2d 337 (N.D.1958); *State v. Zimmerman,* 60 N.D. 256, 233 N.W. 845 (1930). Before a court grants a motion for a new trial based on recantation of testimony the court must be satisfied that in all probability a new trial would result in a different verdict. *State v. McLain, supra; State v. Smith, supra; State v. Jager, supra; State v. Graber,* 77 N.D. 645, 44 N.W.2d 798 (1950); *State v. Cray,* 31 N.D. 67, 153 N.W. 425 (1915).

The Minnesota Supreme Court in *State v. Caldwell*, 322 N.W.2d 574, 584 (Minn.1982), noted that a less stringent materiality standard has been adopted in Minnesota and other jurisdictions in cases "where the evidence in question is not actually 'newly discovered' but where a witness has recanted or it has been discovered that false testimony was given at the trial . . ." The court quoted from *United States v. Johnson*, 149 F.2d 31, 44 (7th Cir.1945), in explaining the rationale for the two different rules concerning newly discovered evidence:

> "[O]n an ordinary motion for a new trial the court is concerned with the probable effect which the newly discovered evidence might have had upon another trial. In contrast, where the motion is based upon false swearing, the concern of the court must be as to the probable effect produced on the trial already had. In the former case, the court looks to the future, in the latter to the past, and the sole question is whether the defendant's right to a fair trial has been prejudiced by reason of the false testimony." *Caldwell*, 322 N.W.2d at 585–586.

The *Caldwell* court set forth the so-called "*Larrison* rule" [*Larrison v. United States*, 24 F.2d 82 (7th Cir.1928)] providing that "a new trial may be granted on the grounds of false or perjured testimony where:

> "(a) The court is reasonably well satisfied that the testimony given by a material witness is false.
>
> "(b) That without it the jury *might* have reached a different conclusion.
>
> "(c) That the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial." [Emphasis in original.] *Caldwell, supra*, 322 N.W.2d at 584–585.

Although we might agree that the "*Larrison* rule" may be a more equitable standard, here, if we were to adopt the rule, the requirements of the rule would not be met.

Where a witness subsequently claims that he lied at trial, the general rule is that a court should not grant a new trial unless the court is reasonably certain that the recantation is genuine. *State v. Risken*, 331 N.W.2d 489 (Minn.1983); *Caldwell, supra*. Courts look upon recantation with suspicion and disfavor. *Batsell v. United States*, 403 F.2d 395 (8th Cir.1968), *cert. denied* 393 U.S. 1094, 89 S.Ct. 865, 21 L.Ed.2d 785 (1969); *Johnson v. United States*, 291 F.2d 150 (8th Cir.), *cert. denied* 368 U.S. 880, 82 S.Ct. 130, 7 L.Ed.2d 80 (1961). Recanting testimony is scrutinized with extreme care because courts are mindful of promoting stability and security of verdicts. This policy would be frustrated if verdicts could always be set aside because of recanting witnesses' affidavits. If the court, however, believes that false testimony was the basis for the defendant's conviction, it would be the duty of the court to set aside the verdict and grant a new trial. *State v. Pusch*, 79 N.W.2d 295 (N.D.1956).

The trial court was unconvinced and not reasonably certain that Joe Blueshield's recantation was genuine. The court found that Blueshield gave his affidavit directly to Hegland. At the hearing on the motion, Hegland told the court that he had helped Blueshield recollect the events of the evening in question because Blueshield did not recall the incident. Thus the first requirement in the "*Larrison* rule," that the court be satisfied that the testimony is false, would not be met.

The third part of the "*Larrison* rule" would not be met in this case, either. Hegland claimed that he was unaware of the falsity of Joe Blueshield's testimony until after the trial. This argument is inconsistent with his claim of innocence. Hegland further claims that he was surprised when Joe Blueshield testified against him at trial because the State failed to inform him that Joe Blueshield would testify. Under the criminal discovery rule, Hegland had the right to request a list of prosecution witnesses and any statements made by them. See Rule 16(f), N.D.R.Crim.P. Because Hegland failed to make the request under

Rule 16(f) he cannot now claim that he was surprised. For the reasons listed above Hegland would not meet the third requirement of the *"Larrison* rule."

We conclude that the trial judge properly exercised his discretion in denying Hegland's motion for a new trial and that a new trial is not required "in the interests of justice."

The order denying the motion for a new trial is affirmed.

ERICKSTAD, C.J., and PEDERSON, GIERKE and SAND, JJ., concur.