**UNITED STATES of America, Appellee,**

v.

**Robert Carl SATERDALEN, Appellant.**

No. 84–5202.

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1985.

Decided Aug. 2, 1985.

David W. Larson, Minneapolis, Minn., for appellant.

Daniel W. Schermer, Minneapolis, Minn., for appellee.

---

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Robert Carl Saterdalen appeals from a final judgment entered in the District Court[1] for the District of Minnesota upon a jury verdict finding him guilty of three counts of violating 18 U.S.C. §§ 2312, 2 (interstate transportation, receipt, concealment, and sale of a stolen motor vehicle). The district court sentenced appellant to eighteen months imprisonment. For reversal appellant argues that the district court erred in failing to hold an evidentiary hearing in order to determine whether his co-defendant Robert Day was improperly induced by his plea agreement to testify against appellant. For the reasons discussed below, we affirm the judgment of the district court.

According to the evidence presented at trial and the government's theory of the case, appellant, Day and at least two others were involved in the 1981 theft of a front-end loader from a heavy equipment dealer in South Dakota. The front-end loader was transported to Minnesota and eventually delivered to a northern Minnesota resort owned by William Ronald Rutchasky. The front-end loader was recovered in 1982. Following an FBI investigation, appellant, Day and Rutchasky were indicted in April 1984 in multiple counts in connection with the interstate transportation and subsequent sale of the stolen front-end loader. In June 1984 Day entered into a plea agreement and pleaded guilty to one count of interstate transportation of a stolen motor vehicle. In exchange for a recommended sentence, Day agreed to cooperate with the government and to testify truthfully on behalf of the government against appellant and Rutchasky. Day did testify on behalf of the government and was an important trial witness. Day testified on direct examination about his guilty plea and the terms of the plea agreement. The jury found appellant guilty but acquitted Rutchasky. This appeal followed.

Appellant argues the district court erred in failing to hold an evidentiary hearing in order to determine the admissibility of Day's testimony. Appellant argues that, in the absence of an evidentiary hearing, it is impossible to corroborate the terms of the plea agreement or to determine whether the plea agreement created an impermissible risk of perjury.

Appellant relies principally upon *United States v. Waterman*, 732 F.2d 1527 (8th Cir.1984) (28 U.S.C. § 2255 appeal), *vacated en banc*, No. 83–2159 (Sept. 20, 1984) (affirming the judgment of the district court by an equally divided court), *cert. denied*, — U.S. ——, 105 S.Ct. 2138, 85 L.Ed.2d 496 (1985). Waterman was convicted of five counts of mail fraud arising out of an arson-for-profit scheme in Omaha. The government's case against Waterman consisted largely of the testimony of Eugene Gamst, the leader of the fraudulent scheme. Gamst had previously pleaded guilty to participating in arson and fraud activities in Omaha and elsewhere and had been sentenced to a term of twelve years imprisonment pursuant to a plea agreement with the government to testify against others involved in the scheme. *See United States v. Waterman*, 704 F.2d 1014, 1016–18 (8th Cir.1983) (direct appeal). In the 28 U.S.C. § 2255 proceeding Waterman alleged that as part of the plea agreement the government had agreed to recommend a two-year reduction in Gamst's sentence if his continued cooperation led to further indictments. Waterman argued that this agreement violated due process because such a contingency agreement impermissibly encouraged perjury. The panel agreed and held that "the government cannot consistent with due process offer favorable treatment to a prosecution witness contingent upon the success of the prosecution." 732 F.2d 1531.

---

1. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

Unfortunately for appellant's argument, *Waterman* is of limited value as precedent. As noted above, *Waterman* was subsequently considered en banc and vacated, and the judgment of the district court was affirmed by an equally divided court. Moreover, the perceived defect in the *Waterman* plea agreement was its contingent nature—the government's agreement to reward its witness was based upon the favorable results of his testimony. *Id.* at 1531–33. Unlike *Waterman*, the present case does not involve a similar contingent plea agreement. Here, the government permissibly agreed to a recommended sentence in return only for Day's truthful testimony about others. *Cf. United States v. Librach*, 536 F.2d 1228, 1229–30 (8th Cir.) (informal grant of immunity, which was not contingent upon government satisfaction with content of testimony, did not constitute prosecutorial misconduct), *cert. denied*, 429 U.S. 939, 97 S.Ct. 354, 50 L.Ed.2d 308 (1976). The recommendation of sentence was not contingent upon appellant's conviction.

Accordingly, the judgment of the district court is affirmed.