**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Larry Vern FORD, Defendant and Appellant.**

**Cr. No. 1085.**

Supreme Court of North Dakota.

Nov. 21, 1985.

Kenneth L. Dalsted, Asst. State's Atty., and Charles J. Gilje, State's Atty., Jamestown, for plaintiff and appellee; argued by Kenneth L. Dalsted.

Mackenzie, Jungroth, Mackenzie & Reisnour, Jamestown, for defendant and appellant; argued by William A. Mackenzie.

ERICKSTAD, Chief Justice.

Larry Ford (Ford) appeals from a judgment of conviction for gross sexual imposition and from an order denying his motion for new trial. We affirm.

Ford was charged with having engaged in a sexual act with his twelve-year-old daughter, Audrey, in violation of Section 12.1–20–03(1)(d), N.D.C.C. The alleged act occurred during December 1983, and the charge was brought after Audrey's disclosure of the incident to a nurse who was conducting a sexual awareness presentation to students at Audrey's elementary school on April 12, 1984. Ford was convicted of the offense by jury verdict, and following entry of his judgment of conviction he filed this appeal.

On appeal, Ford has raised two issues:
(1) Whether prosecution should have been barred under Section 12.1–20–01(3), N.D.C.C., because the offense was not timely reported; and
(2) Whether the trial court abused its discretion in failing to grant Ford's motion for a new trial.

Ford asserts that because the offense was not timely reported, prosecution was barred under Section 12.1–20–01(3), N.D.C.C., which, at all times relevant to this case, provided:

"*12.1–20–01. General provisions.*
\* \* \* \* \* \*

"3. No prosecution may be instituted or maintained under sections 12.1–20–03 through 12.1–20–08 or section 12.1–20–12 unless the alleged offense was brought to the notice of public authority within three months of its occurrence or, where the alleged victim was a minor or otherwise incompetent to make complaint, within three months after a parent, guardian, or other competent person specifically interested in the victim, other than the alleged offender, learned of the offense."

The charge alleges that the offense occurred during December 1983, and it is undisputed that the offense was brought to

the notice of public authority on April 12, 1984, when Audrey disclosed the incident to a nurse at her school. Ford asserts, however, that Audrey's mother, Barbara Ford, learned of the offense from Audrey during December 1983 and failed to report it within three months as required under the foregoing statute. The State asserts, to the contrary, that Audrey's mother did not learn of the offense until she was informed of the incident by the school nurse following Audrey's disclosure on April 12, 1984, and that the offense was therefore timely reported.

█ Ford asserts that the trial court should have determined, as a matter of law, that during December 1983 Audrey "told" her mother of the incident and thus her mother "learned" of the incident at that time and did not timely report it. We disagree. When there are issues of fact concerning the applicability of a statute of limitations, it is appropriate for the trial court to refer the matter to the jury. *See Wall v. Lewis,* 366 N.W.2d 471 (N.D.1985); *Bormann v. Beckman,* 73 N.D. 720, 19 N.W.2d 455 (1945); *Grondahl v. Bulluck,* 318 N.W.2d 240 (Minn.1982); *Farris v. Beecher,* 85 Mich.App. 208, 270 N.W.2d 658 (1978). We agree with the trial court's determination that there was conflicting evidence as to when Audrey's mother learned of the incident and with the court's submission of that issue to the jury.

Having reviewed the record, we conclude that there is evidence in the record upon which the jury could have concluded that Audrey's mother learned of the incident during December 1983 but, choosing not to believe that it happened, failed to report the incident. We further conclude, however, that there is also evidence upon which the jury could have concluded that Audrey failed to make sufficiently specific reference to the December 1983 incident to apprise her mother of its occurrence. We believe that the following testimony of Audrey's mother constitutes substantial evidence upon which the jury could have concluded that she understood Audrey's vague statements as referring to a prior incident

which occurred several years in the past and that she did not learn of the offense, therefore, until May 1984:

"Q. As I understand it, when the subject would come up when you talked about calling Mr. Wolf, Audrey would use the phrase, 'For what my dad did' if you were going to punish her and leave her home with Larry and she would say, 'No, not for what my dad did?'

"A. She said she 'wouldn't stay home for what my dad did.'

"Q. She never said when that happened?

"A. No.

"Q. You didn't know what she was referring to other than something happened years ago, is that what your testimony is?

"A. Yes.

"Q. When did you first learn about this incident at Christmastime?

"A. When I really—when Joan Martin—when Audrey mentioned the basement and I rethought about the incident of Audrey and her dad came up that day from the basement.

"Q. That was on April 30th or May 1st or 2nd?

"A. May 1st, or 2nd, or 3rd; one of those days.

"Q. That is when you first learned about that incident?

"A. Yes."

Section 12.1–20–01(3), N.D.C.C., is a statute of limitations, and the State must prove compliance with the statute by a preponderance of the evidence. *State v. Tibor,* 373 N.W.2d 877 (N.D.1985). We conclude that the State met its burden of proving compliance with the statute in this case.

█ Ford asserts that the trial court abused its discretion in failing to grant his motion for a new trial. The motion was primarily based upon Barbara Ford's desire to recant her testimony. At the hearing on the motion, Barbara testified, contrary to her trial testimony, that she did not believe the December 1983 incident occurred. At the hearing, Sonya Ford, Ford's daughter

and a half sister to Audrey, testified that she had discussed the incident with Audrey after the trial. Sonya further testified that she believed, as a result of her discussions with Audrey, that no incident had occurred during December 1983 and that the incident to which Audrey was referring occurred several years prior to that time.

Under Rule 33, N.D.R.Crim.P., the trial court may grant a new trial "if required in the interest of justice." On appeal, this Court will not set aside a trial court's denial of a motion for a new trial unless the court has abused its discretion in denying the motion. *State v. Hegland,* 355 N.W.2d 803 (N.D.1984). In *Hegland, supra,* this Court discussed the factors involved in a trial court's determination of whether or not to grant a new trial based upon recantation of testimony:

"Where a witness subsequently claims that he lied at trial, the general rule is that a court should not grant a new trial unless the court is reasonably certain that the recantation is genuine. *State v. Risken,* 331 N.W.2d 489 (Minn.1983); *Caldwell, supra.* Courts look upon recantation with suspicion and disfavor. *Batsell v. United States,* 403 F.2d 395 (8th Cir.1968), *cert. denied* 393 U.S. 1094, 89 S.Ct. 865, 21 L.Ed.2d 785 (1969); *Johnson v. United States,* 291 F.2d 150 (8th Cir.), *cert. denied* 368 U.S. 880, 82 S.Ct. 130, 7 L.Ed.2d 80 (1961). Recanting testimony is scrutinized with extreme care because courts are mindful of promoting stability and security of verdicts. This policy would be frustrated if verdicts could always be set aside because of recanting witnesses' affidavits. If the court, however, believes that false testimony was the basis for the defendant's conviction, it would be the duty of the court to set aside the verdict and grant a new trial. *State v. Pusch,* 79 N.W.2d 295 (N.D.1956)." 355 N.W.2d at 806.

In its order denying Ford's motion for a new trial, the lower court concluded, in relevant part:

"This Court is not satisfied that a new trial would change the verdict in this case.

"From the review of the evidence presented to the jury in the trial this Court is satisfied that the testimony was accurate...."

We conclude that, under the circumstances of this case, the trial court did not abuse its discretion in denying Ford's motion for a new trial.

In accordance with this opinion, the judgment of conviction and the order denying a new trial are affirmed.

MESCHKE, VANDE WALLE, LEVINE and GIERKE, JJ., concur.