STATE of Minnesota, Respondent,

v.

James REDDING, Appellant.

Nos. C7-87-715, C6-87-1001.

Supreme Court of Minnesota.

April 22, 1988.

Elizabeth B. Davies, C. Paul Jones, State Public Defender, Minneapolis, for appellant.

Thomas Johnson, Lee Barry, Hennepin County Attorney's Office, Minneapolis, for respondent.

COYNE, Justice.

Defendant was found guilty by a district court jury of first-degree murder, Minn. Stat. § 609.185(3) (1986), for his role in the intentional murder of a person during the commission of an aggravated robbery. He was sentenced by the trial court to a mandatory term of life imprisonment. On this appeal from judgment of conviction he seeks (1) an outright reversal of his conviction because the evidence of his guilt was legally insufficient, (2) a new trial because he did not receive a fair trial, or (3) a reduction in sentence because—or so he contends—an accomplice, not he, killed the victim. There is no merit to any of defendant's contentions and we therefore affirm.

1. *Sufficiency of Evidence.* At 1:45 p.m. on December 12, 1985, two masked men robbed the U–Haul dealership at 901 Olson Memorial Highway in Minneapolis. During the robbery one of the robbers shot and killed Jeff Larson, an employee, as Larson nervously tried to comply with the robbers' demands.

Police identified the bullet that killed Larson as a .44 caliber magnum TCS Enterprises Accuracy bullet and concluded that it "most probably" was fired from a Smith and Wesson .44 magnum revolver.

The general manager of the store, Jeffrey Strand, gave police a description of a woman who had come to the store on the 12th, shortly before the robbery, and reserved a truck. Police showed him pictures of a number of women and he identified Linda Waddell, who had used an alias, as the woman. Questioned by police on December 16, Waddell implicated defendant and Cary Lee Turner as the robbers and Jesse Reed as the driver of the getaway vehicle.

On December 19 police executed warrants, arresting defendant, Turner and Reed and searching their residences. At defendant's residence police seized a Dan Wesson .44 magnum revolver, a pair of Smith and Wesson .44 magnum revolver grips, a box of TCS Enterprises Accuracy .44 magnum ammunition, and several loose .44 magnum cartridges. At Reed's residence police seized a Crossman pellet gun, more .44 magnum bullets, and the U–Haul reservation receipt given to Waddell. At Turner's residence police seized boots that fit the boot prints left in the store by the robber who did not fire the fatal bullet.

Both Turner and Reed were allowed to plead guilty to second-degree murder in exchange for their agreeing to testify truthfully at defendant's trial. Sentencing was deferred until after defendant's trial, but the state agreed that Turner and Reed would not be sentenced to more than 60 and 70 months respectively. At defendant's trial Turner testified that defendant was the one who shot Larson, the victim. Reed, who drove the getaway car, testified that defendant later admitted to him in confidence that he, not Turner, shot Larson.

Other prosecution witnesses included Waddell, the woman who "cased" the store before the robbery, and Reed's wife, Reddia Slater–Reed, who provided the nylon stockings used as masks by defendant and Turner.

The trial court instructed the jury about the requirements of Minn.Stat. § 634.04 (1986), which provides that a conviction may not be had upon the uncorroborated testimony of an accomplice. Defendant argued to the court that Turner, Reed, and Waddell were accomplices as a matter of law and that the jury should be so instructed. The court instructed the jury that Turner and Reed were accomplices as a matter of law and instructed the jury that it had to decide whether or not Waddell was an accomplice. Defendant now contends that Waddell and Reed's wife were accomplices as a matter of law, that their testimony could not be used to corroborate the testimony of Turner and Reed, and that without their testimony there was insufficient corroborating evidence.

■■■ We believe that the trial court properly let the jury decide whether Waddell was an accomplice. *State v. Hanley*, 363 N.W.2d 735, 741 (Minn.1985) ("Unless the facts are undisputed or compel but a single inference, whether a witness is an accomplice is a question for jury resolution"). Of course, we do not know whether the jury concluded that Waddell was an accomplice. However, even if the jury concluded that she was an accomplice and even if we assume that both Waddell and Reed's wife were accomplices, there still was sufficient corroborating evidence. We addressed the issue of sufficiency of corroboration most recently in *State v. Williams*, 418 N.W.2d 163, 166 (Minn.1988), stating *inter alia* that "[c]orroborating evidence need not establish a prima facie case of the defendant's guilt, but it must link the defendant to the crime." Here there was abundant other evidence linking defendant to the crime. This evidence included (a) evidence that two months before the rob-

bery defendant's father purchased a Smith and Wesson .44 magnum revolver for defendant, along with a box of TCS Enterprises Accuracy .44 magnum bullets, (b) evidence concerning defendant's association with Turner and Reed, including on the day in question, and (c) evidence that the TCS bullets and the grips from a Smith and Wesson .44 magnum revolver were found in a search of defendant's residence one week after the shooting. In short, the evidence of defendant's guilt was overwhelming.

2. *Fairness of Trial.* Defendant makes a number of claims in support of his contention that he did not receive a fair trial.[1] Specifically, he argues: (a) that the trial court erred in admitting certain evidence, including (i) the testimony of Turner, Reed and Waddell, (ii) autopsy photographs, (iii) ammunition and weapons found in the searches of defendant's and Reed's residences, and (iv) evidence that defendant beat his sister when she accused him of murdering Larson; (b) that an investigator for the state interfered with the defense investigation of the case, thereby discouraging a potential defense witness from testifying; (c) that the trial court prevented defendant from testifying by erroneously ruling that if he testified his credibility could be impeached by a prior robbery conviction; (d) that either the prosecutor or the trial court erroneously said or implied that intent could be presumed; and (e) that defendant's trial attorney and another attorney who represented him earlier failed to represent him effectively.

There is no merit to these arguments (or, indeed, to the other arguments made by defendant in support of his claim that he was denied a fair trial):

■ (a)(i) Defendant's argument that the testimony of Turner and Reed was tainted by the nature of the plea agreements made with them by the state is answered by our recent decision in *State v. Williams,* 418 N.W.2d 163, 167–68 (Minn. 1988), where we rejected a similar conten-

tion. The reasoning of *Williams,* which we adopt by reference, also applies to defendant's argument that Waddell's testimony was tainted by the fact that she was paid money by the police for her services as an informant and her cooperation in the prosecution of defendant. The jury was well informed of the existence and terms of the plea agreements and of the payments to Waddell and, thus, could consider those facts in assessing the credibility of the witnesses.

■ (ii) The argument that the trial court erred in admitting the autopsy photographs is answered by a number of prior decisions, including *State v. Sanders,* 376 N.W.2d 196, 200 (Minn.1985).

■ (iii) By not objecting at trial to the admission of the items seized in the search of his residence and Reed's residence, defendant is deemed to have forfeited any right to have us consider the issue on appeal. Thus, we are not required to address the issue, but we do so, concluding without hesitation that the trial court properly admitted the evidence under Minn.R.Evid. 401 and 403. *See State v. Buschkopf,* 373 N.W.2d 756, 770–71 (Minn.1985).

■ (iv) Sometime between the day of the killing and the day of his arrest defendant beat his sister after she called him a "punk" and accused him of murdering Larson. Defendant claims that the trial court erred in admitting this evidence because he had not put his character in issue by offering evidence of good character. Minn.R. Evid. 404(a)(1). We hold, however, that the evidence was admissible as relevant evidence tending to show a consciousness of guilt on defendant's part. *See* 1 J. Weinstein and M. Berger, Weinstein's Evidence ¶ 401[10] (1986); 1 D. Louisell and C. Mueller, Federal Evidence § 97 (1977).

(b) Defendant's argument that an investigator for the state improperly discouraged a potential defense witness from testifying for defendant is simply without support in the record.

---

1. Some of these arguments are made by the public defender on defendant's behalf. Others are made in a pro se supplemental brief filed by defendant pursuant to procedures approved in *Case v. State,* 364 N.W.2d 797, 800 (Minn.1985).

■ (c) Among the many cases supporting the trial court's ruling that defendant's prior robbery conviction could be used to impeach his credibility if he testified, *see State v. Gist,* 358 N.W.2d 664, 666 (Minn. 1984), *State v. Gutberlet,* 346 N.W.2d 639, 643 (Minn.1984), and cases cited therein.

(d) The contention that the jury was told that intent could be presumed has no support in the record.

(e) The record on appeal does not support defendant's contention that his trial counsel and another attorney who represented him earlier failed to represent him effectively. *See Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Gates v. State,* 398 N.W.2d 558 (Minn. 1987); *State v. Jones,* 392 N.W.2d 224 (Minn.1986); *State v. Race,* 383 N.W.2d 656 (Minn.1986).

■ 3. *Propriety of Sentence.* The final contention of defendant that we address specifically is his contention that his sentence should be reduced because Turner shot Larson and yet Turner is serving a shorter sentence. Contrary to defendant's argument, the state's evidence established that defendant, not Turner, shot Larson. In any event, even if Turner and not defendant shot Larson, defendant would still be guilty of first-degree murder pursuant to Minn.Stat. § 609.05, subd. 2 (1986)[2] and, therefore, would still be subject to a mandatory term of life imprisonment. Turner, on the other hand, was not convicted of first-degree murder and therefore was not subject to a mandatory term of life imprisonment.

Affirmed.

---

**2.** One who is liable under section 609.05, subd. 1, for intentionally aiding and abetting another in the commission of a crime is also liable, under subdivision 2, "for any other crime committed in pursuance of the intended crime if reasonably foreseeable by the person as a prob-able consequence of committing or attempting to commit the crime intended." *See also State v. Filippi,* 335 N.W.2d 739, 741–43 (Minn.1983) (holding burglar liable for assaults committed by accomplice during commission of burglary).