James **REDDING**, Appellant,

v.

**STATE OF MINNESOTA, Frank W. Woods, Warden, and Orville B. Pung,** Appellee.

No. 88–5529.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1988.

Decided Aug. 8, 1989.

Rehearing and Rehearing En Banc Denied Oct. 4, 1989.

Douglas Peine, St. Paul, Minn., for appellant.

Lee Barry, Minneapolis, Minn., for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and BROWN *, Senior Circuit Judge.

JOHN R. BROWN, Senior Circuit Judge:

James Redding was convicted of first degree murder in violation of Minn.Stat. § 609.185(3).[1] Having unsuccessfully appealed his conviction to the Minnesota Supreme Court, 422 N.W.2d 260 (Minn.1988), Redding sought and was denied habeas cor-

---

* The Honorable John R. Brown, Senior United States Circuit Judge of the Court of Appeals for the Fifth Circuit, sitting by designation.

1. Minn.Stat. § 609.185 provides in pertinent part:

   Whoever does any of the following is guilty of murder in the first degree and shall be sentenced to imprisonment for life:

   . . . .

   (3) Causes the death of a human being with intent to effect the death of the person or another, while committing or attempting to commit burglary, aggravated robbery, kidnapping, arson in the first of second degree, tampering with a witness in the first degree, or escape from custody. . . .

pus relief under 28 U.S.C. § 2254. We affirm the district court's denial of habeas relief.

## The Shooting[2]

Redding and two accomplices, Turner and Reed, robbed a Minneapolis U-Haul franchise. In the course of the robbery, a U-Haul clerk was shot and died. A jury found Redding guilty of first degree murder, and Redding was sentenced to a mandatory term of life imprisonment. Redding's accomplices, originally indicted for first degree murder pursuant to Minn.Stat. §§ 609.185(3), 609.11, and 609.05, pleaded guilty to second degree murder in exchange for agreeing to testify truthfully at Redding's trial.

## Redding's Requests

Redding urges us to reverse the district court's denial of his petition for writ of habeas corpus on four grounds: (i) admission by the trial court of accomplice testimony violated his right to due process; (ii) sufficiency of the evidence; (iii) the trial court erred in admitting autopsy photos and hearsay testimony about Redding's sister-in-law; and (iv) the search warrant for Redding's residence and person was invalid. Since Redding had a full and fair opportunity to litigate his Fourth Amendment argument (iv) in state court, *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), bars habeas review of the search warrant[3] and leaves us to consider arguments (i)–(iii).

## With Friends Like You

■ Redding argues, in the words of a panel of this court, that his accomplices' agreement to testify truthfully at trial "create[d] a risk of perjury so great that even the jury's full knowledge of the [situ-

ation] is insufficient to protect the fundamental fairness inherent in the due process clause." *United States v. Waterman*, 732 F.2d 1527, 1530 (8th Cir.1984), (en banc), *cert. denied*, 471 U.S. 1065, 105 S.Ct. 2138, 85 L.Ed.2d 496 (1985).[4] This Court has stated that plea agreements contingent on a trial resulting in a conviction or a grand jury investigation resulting in an indictment are "nothing more than an invitation to perjury having no place in our constitutional system of justice." *United States v. Bonadonna*, 775 F.2d 949, 956 (8th Cir. 1985) (quoting *Waterman*, 732 F.2d at 1531). Redding concedes that the plea agreement merely required truthful testimony, not a conviction, but asserts that because his accomplices had a "stake in the outcome of the litigation," *Bonadonna*, 775 F.2d at 956, or vested interest in making sure that he was convicted of first degree murder, the result is the same.

This stake in the outcome of the litigation argument founders because it relies on the false premise that only one of the three participants could be convicted of first degree murder under Minn.Stat. § 609.185(3). The indictments of all three participants included a citation to Minn.Stat. § 609.05 which provides:

> Subdivision 1. A person is criminally liable for a crime committed by another if the person intentionally aids, advises, hires, counsels, or conspires with or otherwise procures the other to commit the crime.
>
> Subdivision 2. A person liable under subdivision 1 is also liable for any other crime committed in pursuance of the intended crime if reasonably foreseeable by the person as a probable consequence of committing or attempting to commit the crime intended.

As accomplices, Turner and Reed could have been convicted of first degree murder

---

2. For a more detailed rendition of the crime and trial, see *State v. Redding*, 422 N.W.2d 260 (Minn.1988).

3. See *Hines v. Auger*, 550 F.2d 1094, 1099 (8th Cir.1977) (construing *Stone* "to mandate that we not second-guess our state brethren in cases such as this which present murky questions of fourth amendment probable cause").

4. The panel opinion in *Waterman* was deprived of precedential value when the denial of relief under 28 U.S.C. § 2255 was affirmed by an equally divided court. 732 F.2d at 1533, see *United States v. Saterdalen*, 769 F.2d 494, 496 (8th Cir.1985), and *Bonadonna, infra.*

if the prosecution proved that an intentional homicide was reasonably foreseeable to them "as a probable consequence of committing" the robbery. *State v. Peirce*, 364 N.W.2d 801 (Minn.1985). Redding not only carried a loaded gun during the robbery, but he stated that he carried the gun to prevent leaving any witness to the crime. This factual background was sufficient to support the conclusion by the federal habeas judge that Minnesota courts would hold that an intentional homicide was reasonably foreseeable during this robbery. *Bellcourt v. State*, 390 N.W.2d 269, 274 (Minn.1986). As such there is nothing to distinguish this plea agreement from the standard agreement to testify truthfully, and Redding's right to due process was not violated.[5] Redding's related argument that Reed and Turner's testimony was unreliable due to inconsistencies implicates the weight of the evidence, not its admissibility. The jury was apprised of the conditions under which Reed and Turner testified, and it has been long accepted that it is outside the province of this Court to usurp the role of the jury in assessing the credibility of the testimony of Redding's accomplices.

### Corroborating the Accomplices

■ Minn.Stat. § 634.04 provides that a "conviction cannot be had upon the testimony of an accomplice, unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense." Redding asserts that the testimony of Reed and Turner was not sufficiently corroborated so as to meet the requirements of § 634.04. However, this corroboration requirement is a matter of state law which does not implicate a constitutional right cognizable on habeas review. *Berrisford v. Wood*, 826 F.2d 747, 750 n. 3 (8th Cir.1987) *cert. denied,* —— U.S. ——, 108 S.Ct. 722, 98 L.Ed.2d 671 (1988); *Gipson v. Lockhart*, 692 F.2d 66, 68 (8th Cir.

1982). *See also Johnson v. Turner*, 429 F.2d 1152, 1155 (10th Cir.1970).

### Enough is Enough

■ We are left with the question of whether all the evidence, including the testimony of Reed and Turner, is sufficient to lead a rational jury to find guilt beyond a reasonable doubt. In addition to his accomplices' testimony, there is evidence that Redding had access to the murder weapon, a Smith and Wesson .44 magnum revolver. A box of the same type and brand of ammunition used to kill the U–Hall clerk, as well as pistol grips removed from a Smith and Wesson .44 magnum revolver were found in Redding's home. Also boots which matched the bootprints in the U–Haul store of the participant who did not pull the trigger were found at Turner's residence.

In evaluating sufficiency of the evidence in habeas corpus petitions, we view the evidence in the light most favorable to the prosecution and determine whether *"any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). *See also Gipson*, 692 F.2d at 68 (citing *Fowler v. Parratt*, 682 F.2d 746, 751 (8th Cir.1982); *Lenza v. Wyrick*, 665 F.2d 804 (8th Cir.1981)). We harbor no doubt that the evidence, including the accomplice testimony, is sufficient to lead a rational trier of fact to conclude that Redding is guilty of first degree murder under Minn.Stat. § 609.185(3).

### Photos & In–Laws

Redding argues that the trial court erred in (i) admitting 7 autopsy photos of the clerk's body, as well as in (ii) admitting unsolicited testimony of Turner that Redding beat up his sister-in-law, Tammy,

---

5. As a procedural matter, we are unable to fathom how Reed and Turner could have a stake in the outcome of the litigation when they had already pleaded guilty to and been convicted of second degree murder at the time of Redding's trial. As a frequent procedure, Reed and Turner were not sentenced until after trial so as to insure their truthful testimony and cooperation with the prosecution. Once convicted of second degree murder, Reed and Turner had no reason to fear conviction and sentencing for first degree murder regardless of the outcome of Redding's trial.

threatened to kill her, and Tammy retorted that if anyone killed the U–Haul clerk it was surely Redding.

■ In a habeas corpus proceeding state evidentiary matters are reviewable only if "the asserted error infringed a specific constitutional protection or was so prejudicial as to deny due process." *Wallace v. Lockhart*, 701 F.2d 719, 724 (8th Cir.) *cert. denied*, 464 U.S. 934, 104 S.Ct. 340, 78 L.Ed.2d 308 (1983). A denial of due process occurs when the error is "gross, conspicuously prejudicial or of such import that the trial was fatally infected." *Rhodes v. Foster*, 682 F.2d 711, 714 (8th Cir.1987) (citing *Maggitt v. Wyrick*, 533 F.2d 383, 385 (8th Cir.), *cert. denied*, 429 U.S. 898, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976)). It follows that this due process standard requires a greater showing of prejudice than needed to support a finding of plain error on direct appeal. *Daniels v. Wood*, 819 F.2d 195, 197 (8th Cir.), *cert. denied*, 484 U.S. 861, 108 S.Ct. 177, 98 L.Ed.2d 131 (1987).

■ The autopsy photos were admitted to aid the jury in understanding the autopsy findings, and to show that purposeful actions were required by the triggerman to carry out the shooting. Since Minn.Stat. § 609.185 requires the prosecution to prove beyond a reasonable doubt that the accused both caused the death of the victim and did so with the intent to cause death, we conclude that the Minnesota courts could properly hold the photos were relevant and properly admitted. The prejudice of which Redding complains did not rise to the level of a due process violation, and thus does not merit habeas relief.

■ Redding's final evidentiary argument is likewise without merit. Turner's hearsay testimony about Redding's sister-in-law, even if technically inadmissible, did not prejudice Redding to the extent that his right to due process was violated.

In summary, after considering the arguments analyzed above as well as those set forth in Redding's *pro se* brief, we find no grounds for habeas relief.

AFFIRMED.