STATE of North Dakota, Plaintiff
and Appellee,

v.

Jesse GARCIA, Defendant
and Appellant.

Crim. No. 900073.

Supreme Court of North Dakota.

Oct. 31, 1990.

Thomas H. Falck, Jr., Asst. State's Atty., Grand Forks, for plaintiff and appellee.

Denise Turkula McGinn, Grand Forks, for defendant and appellant.

VANDE WALLE, Justice.

Jesse Garcia appealed from an order denying his motion for a new trial. We affirm.

Garcia was convicted by a jury on December 9, 1987, for the crime of murder. His conviction was affirmed by this court in *State v. Garcia*, 425 N.W.2d 918 (N.D. 1988) [*Garcia I*]. The facts underlying Garcia's conviction are set forth in *Garcia I* and will not be repeated except as they are necessary to dispose of this appeal.

Garcia was convicted of murdering Thomas Leek, who died after suffering nineteen cut-and-stab wounds to the upper portion of his body. The State's primary witness, Francisco Reyes III, testified that he, Garcia, and a third man named Martine Longoria–DeAnda (Longoria) were at the scene of the crime in Grand Forks. He testified that as the three walked along they came upon Leek and asked for directions to a motel. Reyes testified that an encounter ensued and Garcia hit and stabbed Leek. Garcia testified at his trial that he was not at the scene of the crime with Reyes and Longoria. Longoria was at large and did not testify at the original trial. The jury found Garcia guilty of class AA felony murder under Section 12.1–16–01(1), N.D.C.C.

On December 4, 1989, Garcia brought a motion for a new trial, under Rule 33, N.D.R.Crim.P., on the ground of having obtained newly discovered evidence. In support of his motion Garcia submitted two affidavits by Longoria stating, in effect, that Reyes, and not Garcia, had stabbed Leek. Also in support of his motion Garcia filed affidavits by four inmates at the State Penitentiary, each stating that Reyes, while imprisoned subsequent to Garcia's conviction, boasted that Reyes had stabbed Leek and had blamed it on Garcia. Following a hearing the trial court entered an order denying Garcia's motion for a new trial from which Garcia has filed this appeal.

Under Rule 33, N.D.R.Crim.P., a new trial may be granted "if required in the interests of justice." A motion for new trial on the ground of newly discovered evidence will be granted only if all of the following conditions are met: (1) the evidence must have been discovered since the trial, (2) the failure to learn of the evidence at the time of trial was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the evidence is of such a nature that it would probably produce an acquittal at a retrial. *State v. McLain*, 312 N.W.2d 343 (N.D.1981). In denying Garcia's request for a new trial, the court determined that the fourth condition was not met because the evidence submitted by Garcia in support of the motion was not of such a nature that it would probably produce an acquittal if the case were retried. For purposes of this opinion, we assume without deciding that the first three conditions are met.

▇ On appeal this court will not set aside a trial court's denial of a motion for a new trial unless the court has abused its discretion in denying the motion. *State v. Ford*, 377 N.W.2d 125 (N.D.1985). If the newly discovered evidence alleged as the ground for a new trial is of such a nature that it is not likely to be believed by the

jury or to change the results of the original trial, the trial court's denial of the request for a new trial is not an abuse of judicial discretion. *State v. Smith*, 153 N.W.2d 691 (N.D.1967).

▇ The affidavits by Longoria state that although Garcia was at the scene of the crime, Reyes actually stabbed Leek. These affidavits are in conflict with Garcia's own testimony at the original trial that he was not at the scene of the crime. Longoria's affidavits were prepared after Longoria was incarcerated at the same institution as Garcia and where he was in frequent contact with Garcia. Longoria's affidavits also contradict statements he made after he was apprehended in April 1989. In a statement Longoria made on April 24, 1989, to the Webb County Sheriff's Department of Laredo, Texas, Longoria said that as he, Garcia and Reyes approached Leek, Garcia pulled a knife and stated "if he is a gringo I am going to stab him because some anglos in Milguacy Illinois killed a brother of mine" and that Garcia subsequently did stab Leek. On May 26, 1989, Longoria gave a statement to the Grand Forks Police Department in which he also said that Garcia stabbed Leek. Although Longoria did not testify at Garcia's original trial, Longoria's affidavits submitted by Garcia in support of his motion are analogous to recanted testimony by a witness, because the affidavits contradict Longoria's prior statements to authorities in Laredo, Texas and Grand Forks. Courts look upon recantation with suspicion and disfavor. *State v. Hegland*, 355 N.W.2d 803 (N.D.1984). Recanting testimony is scrutinized with extreme care because courts are mindful of promoting stability and security of verdicts. *State v. Ford*, 377 N.W.2d 125 (N.D.1985). After reviewing Longoria's affidavits, the trial court noted that Longoria has given several inconsistent statements all of which conflict with Garcia's testimony at the original trial that he was not at the scene of the crime.[1] The trial court concluded that this

---

**1.** Newly discovered evidence in the form of testimony from an eyewitness whose presence or existence was unknown at the time of trial or

who had not given prior conflicting statements concerning the crime could be considered to be of such a nature that it would probably produce

125

evidence is not of such a nature that it would probably produce an acquittal, and we do not believe that the trial court abused its discretion in reaching that conclusion.

█ The inmate affidavits constitute an attempt to impeach Reyes's testimony at the original trial. As a general rule, purely impeaching affidavits do not furnish a good ground for granting a new trial. *State v. McLain*, 312 N.W.2d 343 (N.D.1981). Prior to Garcia's original trial Reyes had made a taped statement to California authorities that he, Reyes, had stabbed Leek. That statement by Reyes contradicted his own testimony at Garcia's trial that Garcia had stabbed Leek. The jury that convicted Garcia was allowed to listen to that taped statement by Reyes and, as the trial .court noted, had at that time the opportunity to judge Reyes's credibility. The trial court concluded that the impeaching affidavits by the inmates did not constitute good evidence to grant a new trial and were not the type of evidence which would probably produce an acquittal at a retrial. We do not believe that the trial court abused its discretion in reaching this conclusion.

We have reviewed the entire record in this case and we conclude that the trial court did not abuse its discretion in denying Garcia's motion for a new trial.

The order is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

---

an acquittal if the case were to be retried. See *Keyes v. Amundson,* 391 N.W.2d 602 (N.D.1986).

Longoria's affidavits are not of that quality.