**Jesse GARCIA, Appellant,**

**v.**

**Thomas POWERS, Warden, North Dakota State Penitentiary, Appellee.**

**No. 91–3575.**

United States Court of Appeals, Eighth Circuit.

Submitted July 31, 1992.

Decided Aug. 31, 1992.

Rodney K. Feldner, Mandan, N.D., for appellant.

Thomas H. Falck, Jr. and JoAnn C. Toth, Grand Forks, N.D., for appellee.

Before McMILLIAN, JOHN R. GIBSON and BEAM, Circuit Judges.

McMILLIAN, Circuit Judge.

Jesse Garcia, a North Dakota prisoner, appeals from a final judgment entered in

the District Court[1] for the District of North Dakota, denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. *Garcia v. Powers*, Civil No. A1–91–098 (D.N.D. Oct. 30, 1991). For reversal, Garcia argues his conviction is not supported by sufficient evidence, accomplice testimony was uncorroborated, and his motion for a new trial on the basis of newly-discovered evidence should have been granted. For the reasons discussed below, we affirm.

A jury convicted Garcia of murdering Thomas Leek, in violation of N.D.Cent. Code § 12.1–16–01(2) (1975), on July 30, 1983, in Grand Forks, North Dakota. Garcia and two other men, Martine Longoria and Francisco Reyes, had engaged in a fight with Leek, during which Garcia stabbed Leek. The testimony presented at trial is set forth in the decision of the Supreme Court of North Dakota affirming Garcia's conviction and his forty-five-year sentence. *State v. Garcia*, 425 N.W.2d 918 (N.D.1988).

Garcia filed a motion for a new trial on the basis of newly-discovered evidence. He submitted affidavits from Longoria attesting that Garcia had not stabbed Leek and from other inmates attesting that Reyes had bragged to them of having stabbed Leek and had blamed Garcia for the murder. The state trial court denied the motion, noting that Longoria's affidavit contradicted Garcia's trial testimony that Garcia had not been at the murder scene at all, and concluding that the new evidence would probably not produce an acquittal in the event of a new trial. The Supreme Court of North Dakota affirmed the denial of the motion. *State v. Garcia*, 462 N.W.2d 123 (N.D.1990).

On June 17, 1991, Garcia filed this habeas petition, claiming that Reyes's testimony that Garcia stabbed Leek was uncorroborated, there was insufficient evidence to convict him, and his motion for new trial should have been granted. The district court appointed counsel for Garcia and issued an order to show cause why the writ

should not issue. The State did not respond until August 15, 1991.

The district court stated that, although the State filed an untimely answer to the show cause order, it would nevertheless consider the merits because no time limit for a response had been set in the order. slip op. 1. The district court concluded that the corroboration requirement was a matter of state law and not appropriate for habeas review; that there was sufficient evidence for a reasonable jury to have found Garcia guilty beyond a reasonable doubt; and that the contradictory affidavits submitted with the new trial motion were not the type of evidence that would probably produce an acquittal on retrial. *Id.* at 5–6.

On appeal Garcia reiterates his arguments presented to the district court, and further argues that the writ should have issued by default because of the State's delay in answering the show cause order.

▮▮▮▮ Any violation of the North Dakota corroboration requirement is a violation of state law, and is not cognizable on habeas review. *See Redding v. Minnesota*, 881 F.2d 575, 578 (8th Cir.1989), *cert. denied*, 493 U.S. 1089, 110 S.Ct. 1158, 107 L.Ed.2d 1061 (1990). In reviewing a habeas petition, the federal court is limited to deciding whether a conviction has violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, — U.S. —, —, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). The standard for determining the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational jury could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The United States Supreme Court recently discussed, but did not resolve, whether the application of law to facts in determining the sufficiency of evidence is entitled to a de novo or a deferential standard of review. *Wright v. West*, — U.S. —,·

---

1. The Honorable Patrick A. Conmy, Chief Judge, United States District Court for the District of North Dakota.

———–——, 112 S.Ct. 2482, 2486–91, 120 L.Ed.2d 225 (1992).

We conclude that, under either standard of review, there was sufficient evidence. Garcia's defense theory was that he was not at the murder scene. All other statements and testimony, however, indicated that he was near the murder scene. Reyes testified that Garcia stabbed Leek and that his prior contrary statement to police was given while he was under the influence of phencyclidine (PCP). Viewing the evidence in the light most favorable to the prosecution, a reasonable jury could have concluded that Garcia was present and stabbed Leek.

A habeas petitioner must show that the evidence is of such a nature that it would probably produce an acquittal on retrial. *Mastrian v. McManus,* 554 F.2d 813, 823 (8th Cir.1977), *cert. denied,* 433 U.S. 913, 97 S.Ct. 2985, 53 L.Ed.2d 1099 (1977). Here, the affidavit was inconsistent with Garcia's trial testimony and with statements given earlier to police. Such evidence would probably not produce an acquittal on retrial. Moreover, this court views recanted testimony with great skepticism. *Hill v. Lockhart,* 927 F.2d 340, 346 (8th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 344, 116 L.Ed.2d 283 (1991).

Finally, with regard to Garcia's claim for habeas relief by default, the district court has discretion to extend the time for filing responsive pleadings, and the court did not abuse its discretion here.

Accordingly, we affirm the judgment of the district court denying habeas relief.