2005 ND 128

**Charles E. SYVERTSON, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20050016.

Supreme Court of North Dakota.

July 13, 2005.

Rehearing Denied Aug. 18, 2005.

Tracy A. Gompf, Fargo, ND, for petitioner and appellant.

Mark R. Boening, Assistant State's Attorney, Fargo, ND, for respondent and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Syvertson appealed from a district court judgment denying his application for post-conviction relief. We affirm.

I

[¶ 2] In August 1998, Syvertson entered a conditional plea of guilty to gross sexual imposition and kidnaping. Syvertson appealed, and we affirmed in *State v. Syvertson*, 1999 ND 137, 597 N.W.2d 644. In July 1997, Syvertson was charged with two counts of gross sexual imposition that resulted in a jury's guilty verdict on both counts. Syvertson appealed, and we affirmed in *State v. Syvertson*, 1999 ND 134, 597 N.W.2d 652. In *Syvertson v. State*, 2000 ND 185, 620 N.W.2d 362, we affirmed the judgment denying Syvertson's application for post-conviction relief.

[¶ 3] Syvertson's current appeal involves background information he recently obtained regarding Dr. Kottke, the North Dakota State Hospital physician that completed his initial psychiatric evaluation in 1997. Dr. Kottke was disciplined in Minnesota and North Dakota for improper sexual conduct with female patients, nurses, and staff.

II

[¶ 4] Our review of post-conviction relief proceedings is well established.

> Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure. In post-conviction relief proceedings, a district court's findings of fact will not be disturbed unless they are clearly erroneous under N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by the evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction that a mistake has been made. Questions of law are fully reviewable on appeal of a post-conviction proceeding.

*Greywind v. State*, 2004 ND 213, ¶ 5, 689 N.W.2d 390 (citations omitted).

[¶ 5] Syvertson argues the information regarding Dr. Kottke's medical license could have been used to impeach Dr. Kottke's testimony if the State had called him as a witness; therefore, the State's failure to discover this evidence violated his due process rights under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

[¶ 6] "In *Brady*, the United States Supreme Court held that suppres-

sion by the prosecution of evidence favorable to an accused violates due process if the evidence is material to guilt or punishment." *City of Grand Forks v. Ramstad*, 2003 ND 41, ¶ 9, 658 N.W.2d 731 (citing *Brady*, 373 U.S. at 87, 83 S.Ct. 1194). The United States Supreme Court extended the *Brady* rule to the "suppression of impeachment evidence that might have affected the outcome of the trial." *State v. Sievers*, 543 N.W.2d 491, 495–96 (N.D. 1996) (citing *United States v. Bagley*, 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)). To establish a *Brady* violation, the defendant must prove: "(1) the government possessed evidence favorable to the defendant; (2) the defendant did not possess the evidence and could not have obtained it with reasonable diligence; (3) the prosecution suppressed the evidence; and (4) a reasonable probability exists that the outcome of the proceedings would have been different if the evidence had been disclosed." *State v. Goulet*, 1999 ND 80, ¶ 15, 593 N.W.2d 345.

■ [¶ 7] Here, Syvertson fails to establish the initial element of a *Brady* violation. To establish the first element, Syvertson argues that the North Dakota State Hospital's knowledge of Dr. Kottke's background should be imputed to the Cass County State's Attorney's Office. This argument is unsuccessful for several reasons. Dr. Kottke became involved in the case when Syvertson requested a psychological evaluation. The State did not join in this request. After Dr. Kottke's report of the evaluation was filed with the court, the State subpoenaed Dr. Kottke as a potential witness to rebut Syvertson's mental competency defense. However, Syvertson withdrew his mental competency defense before trial, and Dr. Kottke never testified. Syvertson admits that during his trial, the State was unaware of any matters related to Dr. Kottke's medical license.

[¶ 8] Syvertson's sole argument to establish the first *Brady* element is that the State Hospital's knowledge should be imputed to the prosecution. However, Syvertson does not cite any law supporting this contention, and the weight of authority is against such an imputation. *See, e.g., In re Steele*, 32 Cal.4th 682, 10 Cal.Rptr.3d 536, 85 P.3d 444, 453 (2004) (noting the "prosecution cannot reasonably be held responsible for evidence in the possession of all governmental agencies, including those not involved in the investigation or prosecution of the case"); *In re C.J.*, 166 Ill.2d 264, 209 Ill.Dec. 775, 652 N.E.2d 315, 318 (1995) (refusing to "conclude that the knowledge of every State employee who is involved in a criminal case is imputed to the prosecution"); *Ohio v. Mosley*, No. 00CA2739, 2001 WL 888376, at *2, 2001 Ohio App. Lexis 3332, at **6–7 (Ohio Ct. App. July 18, 2001) (noting the "prosecutorial machinery" does not extend to emergency medical technicians and firefighters who "were not gathering evidence, attempting to solve a crime, or prosecuting appellant"). The State Hospital is one component of the North Dakota mental health delivery system serving the specialized populations of the mentally ill, N.D.C.C. § 25–02–03, and is not an arm of the criminal justice system. We refuse to impute the State Hospital's knowledge to the prosecution and are unwilling to place such an onerous burden on the State's Attorney's Office. Because Syvertson failed to establish the initial element of a *Brady* violation, we do not address the remaining three elements. We conclude Syvertson failed to establish a *Brady* violation.

### III

■ [¶ 9] Syvertson also argues the district court erred in failing to grant him post-conviction relief based on newly dis-

covered evidence regarding Dr. Kottke's background. Post-conviction relief may be granted when "[e]vidence, not previously presented and heard, exists requiring vacation of the conviction or sentence in the interest of justice." N.D.C.C. § 29–32.1–01(1)(e). This is similar to a request for a new trial based on newly discovered evidence under N.D.R.Crim.P. 33 and requires the same proof to prevail. *Greywind v. State*, 2004 ND 213, ¶ 18, 689 N.W.2d 390. We have explained:

> Under N.D.R.Crim.P. 33(a), the trial court may grant a new trial to the defendant if required in the interests of justice. To prevail on a motion for a new trial on the ground of newly discovered evidence, the defendant must show (1) the evidence was discovered after trial, (2) the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal. *State v. VanNatta*, 506 N.W.2d 63, 70 (N.D.1993). A motion for new trial based upon newly discovered evidence rests within the discretion of the trial court, and we will not reverse the court's denial of the motion unless the court has abused its discretion. *Id.* If the newly discovered evidence is of such a nature that it is not likely to be believed by the jury or to change the results of the original trial, the court's denial of the new trial motion is not an abuse of discretion. *State v. Garcia*, 462 N.W.2d 123, 124 (N.D.1990).

*State v. Steinbach*, 1998 ND 18, ¶ 22, 575 N.W.2d 193. The information about Dr. Kottke's background was published in a 1993 article in the St. Paul Pioneer Press. This information was not hidden away, it was publicly disseminated in 1993 and easily accessible. We conclude Syvertson failed to establish that "the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence." *Id.*

IV

[¶ 10] Syvertson contends the State's conduct was so outrageous under the due process principles of the Fourteenth Amendment to be sufficient to bar the prosecution from invoking the judicial process to obtain a conviction. In his claim of outrageous conduct, Syvertson includes the conduct of the Cass County State's Attorney's Office, the North Dakota State Medical Board, the North Dakota State Hospital, and Dr. Kottke. We refused to impute the knowledge of all State entities to the prosecution and concluded Syvertson failed to establish a *Brady* violation. Regardless of whether knowledge is imputed to other State agencies, on this record, Syvertson is unable to prove the State's conduct was outrageous.

V

[¶ 11] We affirm the denial of Syvertson's application for post-conviction relief.

[¶ 12] DALE V. SANDSTROM, CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.