2015 ND 154

**Daniel Evan WACHT, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20140418.**

Supreme Court of North Dakota.

June 11, 2015.

Mark T. Blumer, Fargo, N.D., for petitioner and appellant.

Jayme J. Tenneson (argued), Nelson County State's Attorney, Lakota, N.D. and Jonathan R. Byers (appeared), Office of the Attorney General, Bismarck, N.D., for respondent and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Daniel Evan Wacht appealed from a district court order summarily dismissing his application for postconviction relief. We conclude the court did not err in summarily dismissing Wacht's claims for ineffective assistance of counsel and for relief based on newly discovered evidence. We affirm.

I

[¶ 2] Wacht was convicted by a jury in 2012 of the murder of Kurt Johnson. He was sentenced to life imprisonment without the possibility of parole. His conviction was affirmed in *State v. Wacht*, 2013 ND 126, 833 N.W.2d 455.

[¶ 3] Wacht applied for postconviction relief claiming he received ineffective assistance of counsel and newly discovered evidence showed a State's witness fabricated his trial testimony. Wacht claimed he received ineffective assistance of counsel because his trial attorney was unable to remove a juror who was distantly related to Johnson through marriage. Wacht also claimed his attorney failed to object to the admission of a pair of latex gloves at trial.

[¶ 4] Wacht claimed Jason Bolstad, a State's witness, fabricated information and falsely testified at Wacht's trial. To support this claim, Wacht included affidavits from Shane Patrick Miller and George H. Paquette, who were incarcerated with Bolstad at the James River Correctional Center when Bolstad testified. Miller's affidavit stated Bolstad told him he made up most of his testimony, because "[Wacht] was going to get convicted anyway, so I came up with some bullshit story to help myself and my family." Paquette's affidavit stated Bolstad told him:

"That he was in prison for drug trafficking, and that the Federal Government might also indict him." I told him that I was in a similar situation, he said to me; "That I could probably get help from the state's attorney, all I had to do was testify against someone." I responded to him that not only did I not know anyone to testify against, and that I wouldn't do so even if I did. Jason Bolstad persisted by saying; "That there are plenty of other inmates around here with open cases, you just had to get a little ... information to make yourself credible, and then make the rest up, that the state's attorney will tell you what they need you to say and how to answer all the questions anyway." He added; "These people are going to get convicted anyway, so you might as well help yourself out."

[¶ 5] The State moved to dismiss Wacht's application, arguing the issues related to his ineffective assistance of counsel claims were argued and rejected on direct appeal, and Bolstad's trial testimony was supported by physical evidence. The district court granted the State's motion and summarily dismissed Wacht's application for postconviction relief.

## II

[¶ 6] Wacht argues the district court erred in summarily dismissing his application for postconviction relief. Postconviction relief is governed by N.D.C.C. ch. 29–32.1. "Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Haag v. State*, 2012 ND 241, ¶ 4, 823 N.W.2d 749 (quoting *Wong v. State*, 2011 ND 201, ¶ 4, 804 N.W.2d 382). On appeal from a postconviction proceeding, questions of law are fully reviewable. *Haag*, at ¶ 4. A district court may summarily dismiss an application for postconviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. N.D.C.C. § 29–32.1–09(3); *Haag*, at ¶ 4. We review an appeal from summary denial of postconviction relief as we would review an appeal from a summary judgment. *Haag*, at ¶ 4. The party opposing the motion for summary dismissal is entitled to all reasonable inferences to be drawn from the evidence and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. *Heyen v. State*, 2001 ND 126, ¶ 6, 630 N.W.2d 56.

## A

[¶ 7] Wacht made two claims of ineffective assistance of counsel in his application for postconviction relief. His first claim alleged his trial attorney was ineffective in failing to remove a juror who was related to the victim, Kurt Johnson. His second claim alleged his attorney failed to object to the admission of a pair of latex gloves at trial. In its answer to Wacht's application, the State argued Wacht raised both of those issues relating to his ineffective assistance of counsel claims on direct appeal and they were rejected by this Court. The district court summarily dismissed Wacht's claims of ineffective assistance of counsel in part on the basis of res judicata. After carefully reviewing the record on appeal, we conclude the issues relating to Wacht's ineffective assistance of counsel claims were raised on direct appeal and are subject to res judicata.

[¶ 8] Under N.D.C.C. § 29–32.1–12(1), "[a]n application for postconviction relief may be denied on the ground that the same claim or claims were fully and finally determined in a previous proceeding." "Consequently, when claims have been previously raised on direct appeal they cannot be raised again in a subsequent post-conviction application." *Clark v. State*, 1999 ND 78, ¶ 8, 593 N.W.2d 329. The applicability of res judicata is a question of law, fully reviewable on appeal. *Klose v. State*, 2008 ND 143, ¶ 10, 752 N.W.2d 192.

[¶ 9] Wacht raised both of the issues relating to his current ineffective assistance of counsel claims in his direct appeal. We specifically discussed and rejected Wacht's claim that the district court erred in refusing to disqualify a juror who was distantly related to Johnson through marriage. *Wacht*, 2013 ND 126, ¶ 27, 833 N.W.2d 455. Wacht also argued about the admission of a pair of latex gloves at trial in his supplemental brief on appeal, which was rejected by this Court. *Id.* at ¶ 29. We conclude the district court did not err in summarily dismissing Wacht's ineffec-

tive assistance of counsel claims on the basis of res judicata.

## B

[¶ 10] Wacht's final claim for relief in his application for postconviction relief relates to newly discovered evidence, specifically, two affidavits claiming Jason Bolstad fabricated his trial testimony. The affidavit of Shane Patrick Miller states Bolstad made up most of the story he told at Wacht's trial. George H. Paquette's affidavit states Bolstad discussed obtaining leniency by testifying against someone with help from the state's attorney.

[¶ 11] A district court may grant postconviction relief when "[e]vidence, not previously presented and heard, exists requiring vacation of the conviction or sentence in the interest of justice." N.D.C.C. § 29–32.1–01(1)(e). This statutory ground for postconviction relief is similar to a request for new trial based on newly discovered evidence under N.D.R.Crim.P. 33. *Syvertson v. State*, 2005 ND 128, ¶ 9, 699 N.W.2d 855. To prevail on a motion for new trial on the basis of newly discovered evidence under N.D.R.Crim.P. 33, the defendant must show: "(1) the evidence was discovered after trial, (2) the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal." *Syvertson*, at ¶ 9 (quoting *State v. Steinbach*, 1998 ND 18, ¶ 22, 575 N.W.2d 193). If the new evidence is unlikely to change the result of the original trial, the defendant has not met the required burden of proof. *Syvertson*, at ¶ 9.

[¶ 12] The district court discussed Wacht's claim about the newly discovered evidence:

The newly obtained evidence presented by Wacht consists of affidavits from George H. Pacquette [sic] and Shane Patrick Miller. Miller's affidavit is a bare assertion that the State's witness Jason Bolstad, told Miller that Bolstad had made up the story he had told at Wacht's trial, or at least "most of it." Pacquette's [sic] affidavit is less specific, claiming that Bolstad had laid out a general strategy of obtaining leniency by identifying another inmate with an open case, collecting some information about it, and make up the rest of the story with help from the state's attorney. Pacquette [sic] makes no specific claim that Bolstad said he'd fabricated anything in his testimony in the Wacht trial. Several key points of Bolstad's testimony at trial were corroborated by independently physical evidence. In addition, Bolstad was impeached by Wacht's trial counsel on the issue of whether he had a motive to testify in order to help himself obtain leniency. Wacht's newly obtained evidence goes solely to impeachment of one of the state's witnesses, a witness whose testimony was corroborated by physical evidence. Bolstad's motive to testify was explored in cross examination. Such testimony is unlikely to change the result of the original trial as the weight and quality of the newly discovered evidence is not likely to have resulted in an acquittal.

Based on the petition, briefs, affidavits and exhibits filed in this matter, Petitioner has failed to present competent evidence raising a genuine issue of fact as to any of the claims.

[¶ 13] The district court concluded Wacht's newly discovered evidence regard-

ing Bolstad's testimony was not likely to change the result of the original trial. We agree. Arguably, Wacht may have satisfied some of the requirements relating to newly discovered evidence, but we conclude he has not established "the weight and quality of the newly discovered evidence would likely result in an acquittal" at trial. *Syvertson*, 2005 ND 128, ¶ 9, 699 N.W.2d 855. On direct appeal, we characterized the evidence of Wacht's guilt as "overwhelming," stating:

> Wacht was the last person seen with Johnson. DNA evidence that could not exclude Kurt Johnson was found on a spent 9mm casing that was fired from Wacht's gun, the cushion found in Wacht's laundry room, Wacht's sofa matching the cushion, a boot in Wacht's home, the exterior of a pair of gloves, a sponge in a garbage bag in Wacht's laundry room, and a belt suspected to be Johnson's. Wacht's DNA was found on the inside of the boots and the gloves. Johnson's decapitated head was found buried in the crawl space underneath Wacht's home. The jacket of a 9mm bullet was removed from the wound in Johnson's head. The bullet could have been fired from Wacht's firearm, and was consistent with ammunition that Wacht possessed for his 9mm Glock pistol. There was sufficient evidence for the jury to convict Wacht of murder.

*Wacht*, 2013 ND 126, ¶ 26, 833 N.W.2d 455.

[¶ 14] Wacht's conviction was not based upon the testimony of a single witness. Bolstad was one of over 30 witnesses for the State who testified at trial. As the district court noted, the affidavits of Miller and Paquette lack specificity regarding what Bolstad fabricated in his trial testimony. Additionally, the State provided examples of Bolstad's testimony being corroborated by other independent evidence. Bolstad's trial testimony about Wacht's in-

volvement with the Aryan Brotherhood and shooting guns at a tree near the Cooperstown cemetery with Wacht was supported by physical evidence. Bolstad also made statements in his pretrial interview with the state bureau of criminal investigation that were independently verified.

[¶ 15] Generally, if an applicant seeking postconviction relief presents newly discovered evidence that involves a key witness or is material to the issues at trial, an evidentiary hearing may be necessary to develop a complete record for appellate review. In this case, however, the newly discovered evidence was unlikely to change the result of Wacht's trial. In addition to the "overwhelming" evidence against Wacht, independent physical evidence suggested much of Bolstad's testimony was not fabricated. We conclude Wacht failed to raise a genuine issue of material fact on his claim of newly discovered evidence. The district court did not err in summarily dismissing Wacht's application for postconviction relief.

### III

[¶ 16] The order summarily dismissing Wacht's application for postconviction relief is affirmed.

[¶ 17] CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.