2017 ND 98

**Elijah ADDAI, Petitioner
and Appellant**

v.

**STATE of North Dakota, Respondent
and Appellee**

No. 20160336

Supreme Court of North Dakota.

Filed 4/25/2017

Samuel A. Gereszek, 308 DeMers Ave., P.O. Box 4, East Grand Forks, MN 56721, for petitioner and appellant.

Leah Jo Viste, Cass County Courthouse, P.O. Box 2806, Fargo, ND, 58108, for respondent and appellee.

Crothers, Justice.

[¶ 1] Elijah Addai appeals from the district court order and judgment dismissing his application that newly discovered evidence entitles him to post-conviction relief. We affirm.

I

[¶ 2] A jury convicted Addai of murder. This Court affirmed the conviction. State v. Addai, 2010 ND 29, 778 N.W.2d 555. Addai applied for post-conviction relief arguing he received ineffective assistance of counsel. This Court affirmed the denial of his application in Addai v. State, 2012 ND 50, 809 N.W.2d 833. In 2015 Addai applied for post-conviction relief based on newly discovered evidence.

[¶ 3] The relevant facts underlying Addai's criminal conviction are as follows:

"In the early morning hours of Sunday, August 19, 2007, a group of people gathered at an apartment in south Fargo, including Addai; Addai's friend, Semereab Tesafaye; David Delonais ("Delonais"); and Eric Delonais, Delonais's cousin. There was tension at the gathering between Tesafaye and Eric Delonais. When Delonais and Eric Delonais left the apartment, Addai and Tesafaye followed and a fight broke out behind the apartment building. Addai, Tesafaye, and Delonais were involved in the altercation and had knives. At some point during the altercation, Delonais stabbed Tesafaye in the head, and other individuals from the party later found him lying behind the apartment building in a pool of blood. There was also evidence Tesafaye and Addai may have stabbed Delonais during the fight. Delonais and Eric Delonais attempted to run away from the scene of the fight, but they became separated and witnesses saw Addai following Delonais.

Two newspaper carriers, Roslynn Bolgrean and Mary Albertson, were delivering newspapers approximately one block away from the apartment building at the time of the altercation. They heard footsteps and a commotion and saw two men running down the street toward them. They testified one of the men was black, wearing a light blue shirt with white numbers on the shirt and a white scarf on his head, and he was chasing the other man, who had a lighter complexion. The man being chased was later identified as Delonais, and Albertson and Bolgrean identified Addai as the man who was chasing Delonais. Albertson testified she heard Addai say, "I'm going to cut you, I'm going to kill you," and saw Addai swinging something at Delonais. Albertson testified she was standing in the driveway of a house when Delonais ran up to her and was close enough she could have touched him. The two men began struggling with

each other by Albertson. Albertson testified Delonais was panicking and asked her to help him, and then Addai stabbed Delonais in his side, although she admitted she did not see a knife. Bolgrean testified Addai jumped on Delonais, tousled with him, and then ran off. Albertson testified Delonais said he had been stabbed, blood was coming out of his side, and he asked her to help him. Albertson and Bolgrean called 911."

State v. Addai, 2010 ND 29, ¶¶ 2, 3, 778 N.W.2d 555.

[¶ 4] The newly discovered evidence Addai alleges in his 2015 application is the recantation of two statements Hamed Zuri gave to police during the investigation. Zuri did not testify at trial. At the evidentiary hearing for Addai's current application for post-conviction relief, Zuri testified he told police nine years earlier he saw Addai with a knife and saw him stab Delonais. Zuri now recants because he believes he did not see Addai with a knife or see him stab Delonais, but believes Delonais had a weapon and made a gesture towards Addai. Zuri testified Delonais was the aggressor and Addai may have been acting in self-defense. According to Zuri, he witnessed the first altercation outside of the apartment but was not present during the events leading up to the fatal altercation.

[¶ 5] The district court entered an order and judgment denying Addai's claim of newly discovered evidence and dismissing his application for post-conviction relief, finding the evidence had no causal connection to Addai's conviction. Addai appeals.

## II

[¶ 6] Addai argues the district court erred in denying his claim of newly discovered evidence and dismissing his application for post-conviction relief. Addai argues the recantation of Hamed Zuri, who made two statements to police, entitles him to a new trial. Specifically, Addai contends Zuri now testifies Delonais was the aggressor.

[¶ 7] "Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure." Syvertson v. State, 2005 ND 128, ¶ 4, 699 N.W.2d 855 (quoting Greywind v. State, 2004 ND 213, ¶ 5, 689 N.W.2d 390). This Court will not disturb a district court's findings of fact unless they are clearly erroneous under N.D.R.Civ.P. 52(a). Id.

[¶ 8] Under N.D.C.C. § 29–32.1–01(3)(a)(1), an application for post-conviction relief, filed more than two years after the conviction becomes final, may be considered if the application alleges "newly discovered evidence, including DNA evidence, which if proved and reviewed in light of the evidence as a whole, would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted."

[¶ 9] "An application for post-conviction relief based on newly discovered evidence is similar to a request for a new trial based on newly discovered evidence under N.D.R.Crim.P. 33." Everett v. State, 2016 ND 78, ¶ 17, 877 N.W.2d 796.

> "To prevail on a motion for new trial on the basis of newly discovered evidence under N.D.R.Crim.P. 33, the defendant must show: '(1) the evidence was discovered after trial, (2) the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal.'"

Wacht v. State, 2015 ND 154, ¶ 11, 864 N.W.2d 740 (quoting Syvertson, 2005 ND 128, ¶ 9, 699 N.W.2d 855). "A motion for a

new trial based upon newly discovered evidence rests within the discretion of the trial court, and we will not reverse the court's denial of the motion unless the court has abused its discretion." Greywind, 2004 ND 213, ¶ 18, 689 N.W.2d 390 (quoting State v. Steinbach, 1998 ND 18, ¶ 22, 575 N.W.2d 193).

[¶ 10] This Court examines recanting testimony with "extreme care because courts are mindful of promoting stability and security of verdicts." Ramsey v. State, 2013 ND 127, ¶ 12, 833 N.W.2d 478 (quoting State v. Hegland, 355 N.W.2d 803, 805 (N.D. 1984)). This Court reviews recanting testimony with suspicion and disfavor. Id. (quoting Greywind, 2004 ND 213, ¶ 19, 689 N.W.2d 390). When a witness claims to have lied, "the general rule is that a court should not grant a new trial unless the court is reasonably certain that the recantation is genuine." Id. (quoting Hegland, 355 N.W.2d at 806).

[¶ 11] In Greywind a district court did not err in finding recantations were not credible when the police had substantial evidence implicating Greywind in the crime. 2004 ND 213, ¶¶ 21–22, 689 N.W.2d 390. This Court noted the "task of weighing the evidence and judging the credibility of witnesses belongs exclusively to the trier of fact, and we do not reweigh credibility or resolve conflicts in the evidence." Id. at ¶ 22.

[¶ 12] In Wacht this Court affirmed a district court's finding the alleged newly discovered evidence that a witness lied at trial was not likely to change the outcome of the original trial. 2015 ND 154, ¶ 13, 864 N.W.2d 740. This Court reasoned Wacht's conviction was not based on the testimony of a single witness and the witness was one of over 30 who testified at trial for the State. Id. at ¶ 14. This Court noted the witness' testimony was corroborated by other independent evidence. Id.

[¶ 13] Here, the district court discussed Addai's claim about the newly discovered evidence, finding Zuri's statements were not material to the issues at trial:

"Zuri did not testify at trial. Other witnesses to the initial confrontation testified at trial, including Eric Delonais, Burim Kryeziu, and Semereab Tesafaye. Kryeziu's trial testimony closely mirrored Zuri's statements. Kryeziu—the actual trial witness that the jury heard—has not recanted. None of the others have recanted their trial testimony either. Zuri's statements to police were never introduced into evidence. Basically, the jury heard nothing about him. Thus, logic compels a finding that there is no causal connection between Zuri's statements to police (whether true or not) and the courtroom conviction of petitioner Addai based on multiple other eyewitnesses' testimony, as well as physical evidence including knives and DNA. Zuri's statements to police were not 'evidence' in any sense, and certainly not new evidence which could be the basis for reversal of the conviction here."

[¶ 14] The district court went on to state:

"Zuri lamented during the post-conviction evidentiary hearing: 'I don't know what happened.' True enough, he may not have known what happened. But other witnesses and the physical evidence clearly established what happened. Even if Delonais could have been construed as an aggressor at the time of the initial confrontation at the apartment building, everything that happened thereafter had Addai as the aggressor, chasing Delonais for blocks before fatally stabbing him."

[¶ 15] The record supports the district court's findings that Zuri's statements have no "causal connection" to Addai's con-

viction and would not be the basis for reversal of his conviction. The district court was not clearly erroneous in its findings. Zuri did not testify at trial and his original statements to police were similar to the testimony of Burim Kryeziu, who has not recanted. More importantly is the fact Zuri testified at the post-conviction hearing that he did not witness the fatal altercation. According to Zuri, he was at a gathering, saw an altercation in the apartment parking lot between Addai, Delonais and others, but was in a car that ultimately drove off. Zuri testified he was not present when witnesses observed Addai chasing Delonais about two blocks away from the apartment. The jury heard testimony from the two people who witnessed Addai chasing the victim. One of those witnesses testified at trial she heard Addai say "I'm going to cut you, I'm going to kill you," and saw Addai swinging something at the victim. Therefore, the district court did not err finding Zuri's statements are not material to the issues at trial and would not likely result in an acquittal. The district court did not err in denying Addai's claim of newly discovered evidence and dismissing his application for post-conviction relief.

### III

[¶ 16] We affirm the district court's order and judgment denying Addai's claim of newly discovered evidence and dismissing his application for post-conviction relief.

[¶ 17] Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Jerod E. Tufte

Gerald W. VandeWalle, C.J.