Tufte, Justice.
 

 [¶1] Sean Kovalevich appeals from district court orders summarily dismissing in part and denying the balance of his application for post-conviction relief. We affirm.
 

 I
 

 [¶2] In 2013, a jury found Kovalevich guilty of two counts of gross sexual imposition and one count of corruption of a minor. Kovalevich engaged in sexual acts with a minor female at Canad Inns, a hotel in Grand Forks, in February and August of 2012. Kovalevich appealed, and we affirmed the criminal judgment.
 
 See
 

 State v. Kovalevich
 
 ,
 
 2015 ND 11
 
 ,
 
 858 N.W.2d 625
 
 . Kovalevich applied for post-conviction relief and moved for a new trial. These were denied by the district court, and this Court affirmed the district court.
 
 See
 

 Kovalevich v. State
 
 ,
 
 2017 ND 40
 
 ,
 
 891 N.W.2d 778
 
 . In April 2017, he again applied for post-conviction relief. At the evidentiary hearing, the district court summarily disposed of three of the issues, and proceeded only on the claim of newly discovered evidence. Kovalevich argued that a new receipt, which he received from Canad Inns after writing them several letters in April 2017, showed he stayed at Canad Inns in July 2012 ("July receipt") and qualified as newly discovered evidence. The district court disagreed that the evidence was newly discovered and denied Kovalevich post-conviction relief.
 

 II
 

 [¶3] Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure.
 

 *646
 

 Wilson v. State
 
 ,
 
 2013 ND 124
 
 , ¶ 9,
 
 833 N.W.2d 492
 
 . Under N.D.R.Civ.P. 52(a), the district court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless they are clearly erroneous.
 
 Wilson
 
 , at ¶ 9. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, we are left with a definite and firm conviction a mistake has been made.
 

 Id.
 

 [¶4] Kovalevich argues the district court erred in concluding he did not present newly discovered evidence in his application for post-conviction relief. Post-conviction relief may be granted when "[e]vidence, not previously presented and heard, exists requiring vacation of the conviction or sentence in the interest of justice." N.D.C.C. § 29-32.1-01(1)(e).
 

 [¶5] Kovalevich was convicted of two counts of gross sexual imposition under N.D.C.C. § 12.1-20-03(1)(d), which requires the victim to be less than fifteen years old, and N.D.C.C. § 12.1-20-03(3)(a), which increases the offense to a class AA felony if § 12.1-20-03(1)(d) is violated and the offender was at least twenty-two years of age. According to the Information, Kovalevich was twenty-six years old and the victim was fourteen years old. Kovalevich argues that the victim was actually fifteen years old when he committed the offenses and thus he could not have been convicted of two class AA felonies (instead, he argues, they should have been class C felonies). He attempts to substantiate this argument through the July receipt. Kovalevich argues that the victim told law enforcement she had taken three trips with him to Canad Inns, of which only the second and third trips resulted in sexual assault. He argues that the February trip was the first trip (not the second trip, as it was depicted at trial), the July trip was the second trip (where the first two counts of sexual assault occurred), and the August trip was the third trip (where the corruption of a minor offense occurred). Kovalevich contends that because the victim was fifteen years old by the July trip, he could not have been convicted of the class AA felonies.
 

 We review post-conviction relief applications based on newly discovered evidence as a motion for a new trial based on newly discovered evidence under N.D.R.Crim.P. 33.
 
 Greywind [v. State]
 
 , [
 
 2004 ND 213
 
 ,] ¶ 18, [
 
 689 N.W.2d 390
 
 ]. The standard for granting a new trial is well-established:
 

 "Under N.D.R.Crim.P. 33(a), the trial court may grant a new trial to the defendant if required in the interests of justice. To prevail on a motion for a new trial on the ground of newly discovered evidence, the defendant must show (1) the evidence was discovered after trial, (2) the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal. A motion for new trial based upon newly discovered evidence rests within the discretion of the trial court, and we will not reverse the court's denial of the motion unless the court has abused its discretion. If the newly discovered evidence is of such a nature that it is not likely to be believed by the jury or to change the results of the original trial, the court's denial of the new trial motion is not an abuse of discretion."
 

 Id.
 

 (quoting
 
 State v. Steinbach
 
 ,
 
 1998 ND 18
 
 , ¶ 22,
 
 575 N.W.2d 193
 
 ). A trial
 
 *647
 
 court abuses its discretion if it acts arbitrarily, unreasonably, unconscionably, or when its decision is not the product of a rational mental process leading to a reasoned decision.
 
 Wheeler v. State
 
 ,
 
 2008 ND 109
 
 , ¶ 15,
 
 750 N.W.2d 446
 
 .
 

 Ramsey v. State
 
 ,
 
 2013 ND 127
 
 , ¶ 10,
 
 833 N.W.2d 478
 
 ;
 
 Addai v. State
 
 ,
 
 2017 ND 98
 
 , ¶ 9,
 
 893 N.W.2d 480
 
 . Because the "task of weighing the evidence and judging the credibility of witnesses belongs exclusively to the trier of fact ... we do not reweigh credibility or resolve conflicts in the evidence."
 
 Addai
 
 , at ¶ 11.
 

 [¶6] Kovalevich cannot meet prong four because admitting the July receipt into evidence would not likely result in an acquittal. Although Kovalevich argues that the July receipt demonstrated that the timeline of the charged incidents was inaccurate, this is contrary to the record. The victim testified at trial that she traveled with Kovalevich to Grand Forks on more than two occasions, not specifically three occasions. This is consistent with her interviews with law enforcement, which the district court received, where she stated that they stayed at Canad Inns at least four or five times. The victim also stated that Kovalevich might have used a different name when checking into the hotel and they may have stayed at other hotels besides Canad Inns, which explains why law enforcement may not have discovered a receipt for every trip. Further, the victim testified that during the February trip, specifically, Kovalevich made sexual contact with her on two separate days.
 

 [¶7] The July receipt is not inconsistent with the other evidence that the February trip, not the July trip, was when the first instances of sexual assault (the two AA felonies) occurred. Thus, even if the district court admitted the July receipt into evidence, an acquittal would not be likely. Because we cannot say the weight and quality of this evidence would likely result in acquittal, the district court did not err in denying Kovalevich's application for post-conviction relief on the basis of newly discovered evidence.
 

 III
 

 [¶8] We affirm the district court orders.
 

 [¶9] Jerod E. Tufte
 

 Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Gerald W. VandeWalle, C.J.
 

 [¶10] The Honorable Jon J. Jensen disqualified himself and did not participate in this decision.