# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 210

Sean Michael Kovalevich,                                                    Petitioner and Appellant

v.

State of North Dakota,                                                    Respondent and Appellee

Nos. 20190024 & 20190025

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Sean M. Kovalevich, self-represented, Bismarck, ND, petitioner and appellant; submitted on brief.

Meredith H. Larson, Assistant State's Attorney, Grand Forks, ND, for respondent and appellee; submitted on brief.

**Kovalevich v. State**

**Nos. 20190024 & 20190025**

**VandeWalle, Chief Justice.**

[¶1]    Sean Kovalevich appealed from district court orders summarily dismissing: (1) a motion for relief from an order denying an application for post-conviction relief, and (2) an application for post-conviction relief on the grounds of newly discovered evidence. The court concluded Kovalevich could have raised the arguments presented in his motion and application in earlier proceedings. We affirm.

I

[¶2]    In October 2013, a jury found Kovalevich guilty of two counts of gross sexual imposition and one count of corruption of a minor. The conviction resulted from sexual acts occurring in 2012 at the Canad Inn in Grand Forks. Kovalevich was sentenced to 30 years in prison and 10 years of supervised probation. Kovalevich appealed and his conviction was affirmed on appeal. *State v. Kovalevich*, 2015 ND 11, 858 N.W.2d 625.

[¶3]    In November 2015 and April 2017, Kovalevich filed applications for post-conviction relief. The applications were denied and affirmed on appeal. *Kovalevich v. State*, 2017 ND 40, 891 N.W.2d 778; *Kovalevich v. State*, 2018 ND 184, 915 N.W.2d 644.

[¶4]    In September 2018, Kovalevich filed a motion for relief under N.D.R.Civ.P. 60(b) relating to the denial of his April 2017 application for post-conviction relief. He alleged the prosecuting attorney engaged in misrepresentation and misconduct in the post-conviction proceeding. He claimed the attorney assisted a BCI agent in falsely testifying at the evidentiary hearing.

[¶5]    In November 2018, Kovalevich filed another application for post-conviction relief. He argued newly discovered evidence, specifically, information contained in Canad Inn receipts from February and August 2012, showed he did not engage in the

charged conduct. His application also claimed newly discovered evidence showed the affidavit supporting the issuance of a search warrant for his residence contained false and intentionally misleading statements, and the BCI lacked jurisdiction to investigate him. In response, the State argued Kovalevich was relitigating claims he raised in earlier proceedings and sought summary dismissal of Kovalevich's motion for relief and application for post-conviction relief.

[¶6] The district court summarily dismissed both the motion and the November 2018 application for post-conviction relief. The court treated Kovalevich's Rule 60(b) motion as an application for post-conviction relief and concluded Kovalevich was attempting to relitigate issues he raised in earlier proceedings. With regard to the application for post-conviction relief, the court held the February and August 2012 Canad Inn receipts could have been presented in earlier proceedings, and the weight and quality of the additional evidence Kovalevich presented would not likely result in Kovalevich's acquittal.

II

[¶7] Post-conviction relief is governed by N.D.C.C. ch. 29-32.1. "Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Wacht v. State*, 2015 ND 154, ¶ 6, 864 N.W.2d 740 (*quoting Haag v. State*, 2012 ND 241, ¶ 4, 823 N.W.2d 749); *see also Burden v. State*, 2019 ND 178, ¶ 10, (stating the rules of civil procedure apply to the extent they are not inconsistent with statutory requirements for post-conviction proceedings). On appeal from a post-conviction relief proceeding, questions of law are fully reviewable. *Wacht*, at ¶ 6.

[¶8] A district court may summarily dismiss an application for post-conviction relief "if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." N.D.C.C. § 29-32.1-09(3). We review an appeal from summary dismissal of post-conviction relief as we would review an appeal from a summary judgment. *Wacht*, 2015 ND 154, ¶ 6, 864 N.W.2d

2

740. The party resisting the motion for summary dismissal is entitled to all reasonable inferences to be drawn from the evidence and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. *Id.*

### III

[¶9] Kovalevich argues the district court erred in denying his N.D.R.Civ.P. 60(b) motion. He claims the court erred in treating his Rule 60(b) motion for relief as an application for post-conviction relief. Kovalevich claims he was entitled to relief on the basis of fraud and misconduct under N.D.R.Civ.P. 60(b)(3). He argues the prosecuting attorney engaged in misrepresentation and assisted a BCI agent in falsely testifying at the evidentiary hearing relating to his April 2017 post-conviction relief application. In response, the State asserts Kovalevich's motion was an attempt to relitigate his April 2017 application for post-conviction relief. We agree.

[¶10] In *State v. Atkins*, 2019 ND 145, ¶ 11, 928 N.W.2d 438, we quoted N.D.C.C. § 29-32.1-01(4) as follows, and then held:

> A proceeding under this chapter is not a substitute for and does not affect any remedy incident to the prosecution in the trial court or direct review of the judgment of conviction or sentence in an appellate court. Except as otherwise provided in this chapter, a proceeding under this chapter replaces all other common law, statutory, or other remedies available before July 1, 1985, for collaterally challenging the validity of the judgment of conviction or sentence. It is to be used exclusively in place of them. A proceeding under this chapter is not available to provide relief for disciplinary measures, custodial treatment, or other violations of civil rights of a convicted person occurring after the imposition of sentence.
>
> A plain reading of this provision is that the Uniform Postconviction Procedure Act is to be used exclusively in place of other remedies collaterally challenging the judgment of conviction. We hold that a defendant may not avoid the procedures of the Uniform Postconviction Procedure Act by designating his motion under a rule of criminal procedure or by filing his motion in his criminal file, rather than filing as a new action for post-conviction relief. We agree with the district

3

court and consider this motion [to withdraw a guilty plea] as a third application for post-conviction relief.

*See State v. Gress*, 2011 ND 233, 807 N.W.2d 567. We now hold this applies to relief under Rule 60(b) of the North Dakota Rules of Civil Procedure as well. *Gress*, 2011 ND 233, 807 N.W.2d 567.

[¶11] The district court concluded Kovalevich's motion for relief was an attempt to relitigate issues he raised in earlier proceedings:

> The entire record in this case, combined with the records developed in prior post-conviction relief actions, and his various appeals, shows that Kovalevich has repeatedly litigated and re-litigated the same claims including the claims now raised in this pending third post-conviction relief action currently under review by this court. The North Dakota Supreme Court considered these exact arguments and allegations in *Kovalevich v. State*, 2018 ND 184, 915 N.W.2d 644.

The court held Kovalevich was barred from raising the claims presented in his motion on the basis of misuse of process and res judicata under N.D.C.C. § 29-32.1-12.

[¶12] Kovalevich's motion for relief simply states the State engaged in misrepresentation and fraud without further explanation. His motion primarily argues that a July 2012 Canad Inn receipt, coupled with the victim's statements, shows he did not commit the charged conduct. Kovalevich's April 2017 application for post-conviction relief alleged the July 2012 Canad Inn receipt was newly discovered evidence. This Court addressed his argument related to the July 2012 hotel receipt in *Kovalevich*, 2018 ND 184, ¶¶ 6-7, 915 N.W.2d 644.

[¶13] A motion for relief must be denied when the movant attempts to relitigate the case. *Dvorak v. Dvorak*, 2001 ND 178, ¶ 12, 635 N.W.2d 135; *see also* N.D.C.C. § 29-32.1-12(1) (Stating "[a]n application for postconviction relief may be denied on the ground that the same claim or claims were fully and finally determined in a previous proceeding."). A review of Kovalevich's motion for relief demonstrates an attempt to relitigate an issue raised in his April 2017 application for post-conviction relief. We conclude the district court did not err in treating Kovalevich's motion for relief as an application for post-conviction relief, and did not err in summarily dismissing the motion.

4

## IV

[¶14] Kovalevich argues the district court erred in summarily dismissing his November 2018 application for post-conviction relief. He contends he is entitled to relief on the basis of newly discovered evidence. Kovalevich also asserts the court erred by denying his request for court-appointed counsel.

[¶15] Applications for post-conviction relief must be filed within two years of the date of the conviction becoming final. N.D.C.C. § 29-32.1-01(2). An exception to this rule is if the petitioner alleges newly discovered evidence, "which if proved and reviewed in light of the evidence as a whole, would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted." N.D.C.C. § 29-32.1-01(3)(a)(1).

[¶16] An application for post-conviction relief based on newly discovered evidence is similar to a request for a new trial based on newly discovered evidence under N.D.R.Crim.P. 33. *Wacht*, 2015 ND 154, ¶ 11, 864 N.W.2d 740. To prevail on a motion for a new trial on the grounds of newly discovered evidence, the defendant must show: "(1) the evidence was discovered after trial, (2) the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal." *Id.* (*quoting Syvertson v. State*, 2005 ND 128, ¶ 9, 699 N.W.2d 855).

## A

[¶17] Kovalevich argues information contained in the February and August 2012 Canad Inn receipts contradict the victim's testimony and show he did not engage in the charged conduct. Kovalevich states he obtained the receipts after writing letters to Canad Inn requesting the receipts.

[¶18]   The district court concluded Kovalevich's claim of newly discovered evidence related to the Canad Inn receipts were barred by the doctrines of res judicata and misuse of process. The court found the receipts were not newly discovered because:

> [T]he receipts/documents in question was evidence created by Kovalevich's actions and activities well before trial, that Kovalevich was fully aware of the existence of those receipts/documents well before trial, and that Kovalevich had complete access to and the ability to acquire those receipts/documents, and any exculpatory evidence contained therein, well before trial. . . . Further, Kovalevich's now claimed newly discovered evidence is evidence that could've been obtained and presented by Kovalevich at the second post-conviction relief hearing held on October 20, 2017.

The court found Kovalevich's argument was a misuse of process because "it is inexcusable to not have addressed this issue previously." The court also found the weight and quality of Kovalevich's alleged newly discovered evidence would not likely result in acquittal.

[¶19]   We conclude the district court did not err in dismissing Kovalevich's argument relating to the February and August 2012 hotel receipts. Kovalevich has not shown "the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence." *Wacht*, 2015 ND 154, ¶ 11, 864 N.W.2d 740. The court correctly noted Kovalevich was aware of the receipts and had complete access to the receipts before trial. Kovalevich could have raised this issue at trial or at the very latest, in his April 2017 application for post-conviction relief when he made a similar claim relating to the July 2012 Canad Inn receipt. Furthermore, we agree with the court that the hotel receipts, which Kovalevich argues would impeach the victim's testimony, would not likely result in an acquittal.

B

[¶20]   Kovalevich claims newly discovered evidence exists showing that a BCI agent's affidavit supporting the issuance of a search warrant for Kovalevich's residence contained statements which were known to the agent to be false and misleading. Kovalevich states that after trial, he received Bureau of Indian Affairs

(BIA) reports containing information about him that differed from the information included in the affidavit in support of a search warrant. Kovalevich argues the BCI agent had knowledge of the information in the reports and because of that, the agent provided knowingly false information in his affidavit supporting the issuance of a search warrant for Kovalevich's residence.

[¶21] The district court concluded Kovalevich could not prove the weight and quality of the alleged newly discovered evidence would result in an acquittal. The court held that even if the BIA reports were discovered after trial, the search warrant was available to him and he would have been aware of the misinformation in the search warrant before trial.

[¶22] Kovalevich raises two differences between the BIA reports and the agent's affidavit to show the agent provided false information in his affidavit. First, he claims the affidavit states Kovalevich lived in Cando in 2010, but the BIA reports, which contain his known address history, do not show a Cando address in 2010. Second, he contends the affidavit states Kovalevich was found in the shower with a minor at a casino, but the BIA reports state only that he looked like he had just gotten out of the shower.

[¶23] After reviewing the BIA reports and the affidavit in support of the search warrant, we conclude the alleged newly discovered evidence is not material to the issues at trial, and the weight and quality of the evidence would not likely result in an acquittal. There is no evidence the agent knowingly provided false information in his affidavit. The affidavit discusses the agent's November 2012 interview with the victim where she stated she began a dating relationship with Kovalevich in 2010 when she went to his apartment in Cando. That the address information in the BIA reports differed from the affidavit does not establish the agent knowingly provided false information. The agent simply stated what the victim told him in the interview. Additionally, the information in the affidavit about Kovalevich being in the shower with a minor is included in the BIA reports. We conclude Kovalevich's argument on this issue is without merit, and the district court did not err in dismissing this claim.

7

C

[¶24]   Kovalevich argues newly discovered evidence exists showing the BCI lacked jurisdiction to investigate him.   Kovalevich concedes he has argued this issue in earlier proceedings; therefore, we need not address the issue.

D

[¶25]   Kovalevich further contends the district court erred by denying his request for court-appointed counsel.   The court has discretion to appoint counsel in a post-conviction relief proceeding. *Murchison v. State*, 1998 ND 96, ¶ 18, 578 N.W.2d 514. In its order denying Kovalevich's application the court stated "[b]ecause Kovalevich's application/motion for post-conviction relief is summarily denied it is not necessary to appoint him legal counsel."  We conclude the court did not abuse its discretion by denying Kovalevich's request for court-appointed counsel.

V

[¶26]   We have considered Kovalevich's remaining arguments and conclude they are either not necessary to our decision or without merit. The orders are affirmed.

[¶27]   Gerald W. VandeWalle, C.J.
Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Paul W. Jacobson, D.J.

[¶28]   The Honorable Paul W. Jacobson, D.J., sitting in place of Jensen, J., disqualified.