# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 22

Rodney Harold Friesz,                                        Petitioner and Appellant

> v.

State of North Dakota,                                        Respondent and Appellee

### No. 20210143

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

Chase R. Lingle (argued), Assistant State's Attorney, and Gabrielle J. Goter (on brief), Assistant State's Attorney, Mandan, ND, for respondent and appellee.

**VandeWalle, Justice.**

[¶1] Rodney Friesz appealed from a district court's order summarily dismissing his application for post-conviction relief. Friesz asserts he is entitled to relief on the basis of newly discovered evidence, specifically DNA evidence, which would establish that another individual committed the crimes that he was convicted of. We affirm the district court's order.

I

[¶2] Friesz was convicted of manslaughter and arson following a jury trial in February 2016. In 2017, Friesz appealed his convictions based on insufficiency of the evidence. This Court affirmed his convictions. *State v. Friesz*, 2017 ND 177, 898 N.W.2d 688. In May 2018, Friesz filed his first application for post-conviction relief and a hearing was held. The application was denied and affirmed on appeal by this Court. *Friesz v. State*, 2020 ND 2, 937 N.W.2d 285.

[¶3] In May 2020, Friesz filed a second application for post-conviction relief. He alleged: ineffective assistance of trial counsel; denial of effective assistance of counsel on his post-conviction appeal with appellate counsel; insufficiency of evidence to sustain a conviction; denial of his fourth amendment rights regarding the warrantless search of the residence, the seizure of a firearm, and the failure of the court to grant his motion to suppress; and failure to disclose DNA evidence by the prosecution. In June 2020, the State filed a motion for summary dismissal, arguing the application was untimely because it was filed more than two years after Friesz's conviction became final. The State contended that Friesz failed to provide sufficient proof that there was undisclosed DNA evidence or how this evidence would show he did not engage in the criminal conduct and the rest of his allegations did not meet an exception, were precluded by statute, or have been or should have been previously addressed in his prior application for post-conviction relief. The State also filed an answer to the petition on the same day. The district court dismissed the second application for post-conviction relief. In March 2021, this

Court reversed the court's denial and remanded the case to allow Friesz the 14 days to respond to the State's motion for summary dismissal. *Friesz v. State*, 2021 ND 37, 956 N.W.2d 338.

[¶4]  On remand, Friesz was given additional time, well over 30 days, to respond. In April 2021, he responded to the State's motion for summary dismissal. Friesz asserted that "he was recently told by a corrections officer at the North Dakota State Penitentiary, Mitchell Horner, that the Morton County Sheriff's Department was in possession of DNA evidence that had never been disclosed to Mr. Friesz." Friesz asserted that pursuant to N.D.C.C. § 29-32.1-01(3)(a)(1), this newly discovered evidence, specifically DNA evidence, would establish that another individual committed the crimes that Friesz was convicted of. The State filed a reply response and argued that Friesz has not offered any competent evidence or proof by sworn affidavit that there is undisclosed DNA evidence in the hands of the Morton County Sheriff's Department. The State argued his assertions were factually incorrect and contrary to the record because there is no Mitchell Horner who worked for the Department of Corrections at the State Penitentiary, only a Mitchell Horn. The State asserted that it would be factually impossible for the Morton County Sheriff's Department to have custody of DNA evidence. The State contended that even if there was DNA evidence, Friesz has failed to show how it would negate the evidence upholding his convictions.

[¶5]  The district court dismissed the second application for post-conviction relief. The court reasoned that Friesz's application was filed well beyond the two-year statute of limitations and neither his application nor his response to the State's motion identified any competent evidence to support his allegation that the State failed to disclose DNA evidence. The court found the hearsay statement contained in his response was not competent evidence. Further, the court reasoned it could not determine that the newly discovered DNA evidence, when reviewed in light of the evidence as a whole, would establish that Friesz did not engage in the criminal conduct, "especially given the fact that the jury was presented with an interview in which [Friesz] confessed to the crimes." The court concluded that the application does not state any applicable exception to the two-year statute of limitations under N.D.C.C. § 29-32.1-01(3)

2

and the grounds for relief sought by Friesz, "have, or could have, been raised in his direct appeal from his conviction or in his previous application for post-conviction relief."

## II

[¶6] Friesz argues the district court erred in summarily dismissing his application for post-conviction relief.

[¶7] "Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Isxaaq v. State*, 2021 ND 148, ¶ 6, 963 N.W.2d 260 (citing *Morris v. State*, 2019 ND 166, ¶ 6, 930 N.W.2d 195). A district court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. N.D.C.C. § 29-32.1-09(3). "If the State moves for summary dismissal, putting a petitioner to his proof, a minimal burden shifts to the petitioner to support his application with admissible evidence, by affidavit or other comparable means, to raise a genuine issue of material fact." *Morales v. State*, 2020 ND 117, ¶ 3, 943 N.W.2d 761 (quoting *Overlie v. State*, 2011 ND 191, ¶ 7, 804 N.W.2d 50); *see also Steinbach v. State*, 2003 ND 46, ¶ 17, 658 N.W.2d 355. "The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." *Davis v. State*, 2013 ND 34, ¶ 25, 827 N.W.2d 8 (quoting *Overlie*, 2011 ND 191, ¶ 6). We review an appeal from a summary denial of post-conviction relief as we review an appeal from a summary judgment. *Kovalevich v. State*, 2019 ND 210, ¶ 8, 932 N.W.2d 354.

[¶8] Under N.D.C.C. § 29-32.1-01(3)(a)(1), an application for post-conviction relief, filed more than two years after the conviction becomes final, may be considered if the application alleges "newly discovered evidence, including DNA evidence, which if proved and reviewed in light of the evidence as a whole, would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted."

3

[¶9] An application for post-conviction relief based on newly discovered evidence is similar to a request for a new trial based on newly discovered evidence under N.D.R.Crim.P. 33. *Wacht v. State*, 2015 ND 154, ¶ 11, 864 N.W.2d 740 (citing *Syvertson v. State*, 2005 ND 128, ¶ 9, 699 N.W.2d 855). To prevail on a motion for a new trial on the grounds of newly discovered evidence, the defendant must show: "(1) the evidence was discovered after trial, (2) the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal." *Id.* (quoting *Syvertson*, at ¶ 9).

[¶10] Friesz asserts he is entitled to relief under N.D.C.C. § 29-32.1-01(3) because newly discovered evidence, specifically DNA evidence, would establish that another individual committed the crimes that he was convicted of.

[¶11] The State contends the application was untimely because it was filed more than two years after Friesz's conviction became final. The State responds that Friesz failed to provide sufficient proof that there was undisclosed DNA evidence or how this evidence would show he did not engage in the criminal conduct.

[¶12] Here, the district court concluded Friesz's application was filed well beyond the two-year statute of limitations and that he failed to supplement his application with any competent evidence to support his allegation that the State failed to disclose certain evidence. The court found the hearsay statement in his response was not competent evidence. Further, the court reasoned it could not determine that the newly discovered DNA evidence, when reviewed in light of the evidence as a whole, would establish that Friesz did not engage in the criminal conduct.

[¶13] Under the facts of this case, Friesz failed to meet his minimal burden to provide at least some competent evidence to support his claims in response to the State's summary dismissal motion. Friesz's remaining claims alleged in his application were or could have been raised in prior proceedings and are

4

therefore barred. *See* N.D.C.C. § 29-32.1-12. The district court did not err in summarily dismissing his application for post-conviction relief.

## III

[¶14] We affirm the district court's order summarily dismissing the application for post-conviction relief.

[¶15] Jon J. Jensen, C.J.
   Gerald W. VandeWalle
   Daniel J. Crothers
   Lisa Fair McEvers
   Jerod E. Tufte